STONE v. MALOT.

In an action under the act concerning "forcible entry and detainer," evidence concerning the "right of property" to the land in controversy is inadmissible.

Appeal from the Circuit Court of Platte County.

*S. L. Leonard for Appellant.*

1st. The court erred in giving the instructions asked by the plaintiff, for the following reasons, upon the supposition of facts contained in the plaintiff's instructions, the jury are required to find for the plaintiff, which is erroneous—because,

First, They are not required to find to be the fact :

First, That the plaintiff was in possession at the time of the entry of the defendant ;

Second, That the defendant entered upon the premises contrary to the will of the plaintiff ;

Third, That the plaintiff was entitled to the possession of the premises at the time of the institution of the suit;

Fourth, That the defendant continued in the possession of the premises contrary to the will of plaintiff, from defendant's entry up to the time of the institution of the suit ; for it is necessary for the plaintiff to recover to establish each of the four preceding things. See sec. 2d and sec 18th, act of Forcible Entry and Detainer, Digest of 1835.

2d. This is only a possessory action, and the title cannot be inquired into. See sec. 18 and sec. 25, action of Forcible Entry and Detainer, Digest 1835. But the instruction is erroneous, because it treats of the title of pre-emption rights exclusively.

3d. The evidence shows the defendant to have been in the actual possession, under a pre-emption right, under the act of congress, approved June 1st, 1840; see the act. There is no pretence that he had parted with his right to the possession in any way ; which being the case, he cannot be moved, even though the plaintiff had a higher title in this form of action, it being merely a possessory action.

4th. The instruction is not warranted by the testimony.

The testimony shows that the plaintiff put Moore into possession; and Moore, after having right to the possession more than a year, put the defendant into possession for a valuable consideration, without notice of any claim of said Moore, (for no notice was proved, and none can be presumed,) so that there can be no pretence of a forcible entry by the defendant, as to the plaintiff.

But upon the hypothesis that this is a mere trial of the strength of pre-emption rights, then the instruction is erroneous; because,

5th. The evidence shows the defendant to hold a preemption under the act of June 1st, 1840; and the plaintiff, to recover, must show a right under the act of June 22d, 1838; but he cannot, because,

First, He did not reside on the land from February 22d, 1838, to June 22d, 1838;

Second, He was not the owner of the improvements during the same period, the right being in his son. He cannot recover under the act of June 22d, 1838, as amended by the act of June 1st, 1840, if he so held, because at the same time a right was vested in the defendant, that a right was vested in the plaintiff. But he cannot so hold, because,

First, He was not the owner of the improvements, and consequently, not holding in his own right, during the four months next preceding June 22d, 1838.

Second, To hold by cultivation, the cultivation must cover the same period required for residence, but the cultivation commenced in April or May, and did not extend back to February 22, 1838; nor did the tenant reside on the land the four months. See pre-emption laws, June 22d, 1838, and June 1st, 1840.

2d. The court erred in refusing the instructions asked by defendant; because,

First, The plaintiff put Moore in possession, and Moore put the defendant in possession through a purchase for a valuable consideration without notice, (for no notice is proven, and in the absence of proof the presumption is for defendant,) and therefore the defendant cannot be guilty of a forcible entry and detainer. But upon the hypothesis that

the jury might find for the detainer alone, then the plaintiff' should have given the defendant notice to quit. See sec. 3d, act Forcible Entry and Detainer, Digest 1835, and consequently the court should have given the 1st, 2d, and 8th instructions asked by defendant.

Second, In refusing the 3d, 4th, 5th, 6th, 7th, and 9th instructions asked by defendant for reasons assigned under the 3d and 5th clause hereinbefore contained.

### W. T. Wood for Appellee.

The appellee will insist that there is no bill of exceptions copied in the record, embodying either the evidence or instructions given to the jury, and that this court cannot inquire into the errors as assigned, supposed to be based on the evidence and instructions given by the court. See papers of record, 6 vol. Mo. Reps. page 253, sec. semi-annual part.

But if the court should be of opinion that the papers, purporting to be the evidence and instructions copied in the transcript, are properly saved by bill of exceptions, then the appellee will insist, that there was no error in giving the instructions asked by the appellee, and no error in refusing the instructions asked by the appellant.

The appellee also insists, that this court ought not to reverse the judgment in this case, for errors in giving or refusing instructions to the jury on the trial, as the appellant made no motion to set aside the verdict and for a new trial. On this point see Thompson v. Child, 6 Mo. Reports, 162; Montgomery v. Farrar, 2d vol. Mo. Rep. 189; Brun v. Dumay, 2d vol. Mo. Rep. 125; Davidson v. Peck, 4th vol. Mo. Rep. 455; Polk v. The State, 4th vol. 544. See also 1st vol. Ky. Dig. 728, 732, 731, 730; 5th Little, 186; Humphrey v. Jones, 3d Monroe, 262; Swartzwelder v. U. S. Bank, 199 Marshall; 3 Little, 395, Wall v. Nelson; Childs v. Stephens, 3d Marshall, 347; Brumfield v. Reynolds, 4th Bibb, 426; Tilley v. Moore, Monroe 51.

*Opinion of the Court by Tompkins, Judge.*

Stone
v.
Malot.

This is an action of forcible entry and detainer commenced by Malot before a justice of the peace, against Stone. Malot got a judgment against Stone before the justice, and Stone appealed to the circuit court, where judgment being given against him, he appealed to this court. After the judgment of the circuit court, appears this entry: "The defendant files his bill of exceptions, which is signed, sealed and made part of the court." There is no signature of the judge after those words, nor is there any thing preceding them, betwixt them and the judgment of the circuit court.

The only thing like a bill of exceptions is an entry on the record in these words: "Be it remembered, that on the trial of the above forcible entry and detainer, the defendant offered to prove that the right of property to all the improvements in controversy, from the 22d of February, 1838, to the 22d June of that year, did not, during all said period of four months, reside in the plaintiff, but resided in William Malot, a minor son of the plaintiff, which was excluded by the court, to which the defendant excepts, and prays that it may be signed and sealed and made a part of the record;" then the name of the judge is subscribed with his official character.

The 25th section of the act concerning forcible entry and detainer, provides that the estate or merits of the the title shall in no wise be inquired into, in any complaint which shall be exhibited by virtue of this act. No injury, then, was done to the defendant by excluding this testimony, but on the contrary, the circuit court did no more than its duty, when it excluded the testimony.

The judgment of the circuit court must then be affirmed.

*In an action under the act concerning "forcible entry and detainer," evidence concerning the "right of property" to the land in controversy is inadmissible.*