ANDRAE, Plaintiff in Error, *vs.* HEINRITZ, Defendant in Error.

1. Under the act (R. C. 1845) a complaint for an unlawful detainer, which states that the plaintiff is entitled to the immediate possession of the premises, and that the defendant unlawfully detains the same, is insufficient.

*Error to Cole Circuit Court.*

This was an action of unlawful detainer, begun before a justice of the peace. The substance of the complaint is stated in the opinion of the court. It appeared from the evidence that the plaintiff bought the premises of one Rauchelbach, and that, at the time of the purchase, the defendant was in possession of them by permission of Rauchelbach, under a verbal agreement to enter into a written contract containing certain stipulations ; and that the defendant refused to enter into the contract with the plaintiff after he had bought the premises. There was evidence tending to show that the defendant verbally accepted the plaintiff as his landlord. The plaintiff took a non-suit upon the refusal of the court to declare the law as asked by him.

*Parsons,* for plaintiff in error. If a tenant attorns to a stranger with the consent of the landlord, the stranger can maintain unlawful detainer upon the failure of the tenant to comply with the terms of the contract for letting.

*Gardenhire,* for defendant in error. 1. The vendee of a landlord cannot maintain unlawful detainer without having once been in possession. *Holland* v. *Reed,* 11 Mo. Rep. 605. 7 Mo. Rep. 50. 8 ib. 276. 2. The complaint is insufficient.

GAMBLE, Judge, delivered the opinion of the court.

1. The complaint filed with the justice in this case charges that, on a certain day, the plaintiff was entitled to the immediate possession of certain premises (describing them) and so continued entitled until the exhibition of his complaint, and that the defendant unlawfully detained and still unlawfully detains the premises.

The third section of the act concerning forcible entries and detainers, (R. C. p. 512,) gives the remedy for unlawful detainer in two cases. The first is, where a person shall wilfully and without force hold over after the termination of the time

for which the premises were demised or let to him or the person under whom he claims. The second is, where a person wrongfully, and without force, by disseisin, shall obtain and continue in possession of any premises, and after demand made in writing for the possession by the person having the legal right to the possession, shall refuse or neglect to quit such possession.

It is obvious that the complaint in the present case, which is for an unlawful detainer, does not contain allegations bringing the case within the statute. It is much like a declaration in an ejectment under our statute, but not at all a compliance with the statute concerning forcible entries and detainers. Whether, then, the plaintiff was properly nonsuited or not, he is not entitled to recover upon his complaint, and therefore, it would be useless to pass upon the questions which arose at the trial. The judgment is, with the concurrence of the other judges, affirmed.