GIBSON, Respondent, v. TONG, Appellant.

29  133
91a 397

1. In an action for a forcible entry and detainer the title to the premises can not be inquired into. Mere title in the plaintiff at the time of the alleged entry, unaccompanied by possession, can avail him nothing.
2. Instructions given to a jury should be supported by the evidence.

*Appeal from St. François Circuit Court.*

The instructions given by the court and referred to below in the opinion are as follows : " 1. If the jury find that Reed held possession of the premises in controversy exclusively and in his own right, and that he let a part of the premises to Palmer, directing him to pay rent to the plaintiff, and surrendered the other tenements to Gibson by delivering to him the keys, and that after thus gaining possession, and after Palmer had left the occupancy, Tong, the defendant, entered on the possession of Gibson and assumed the occupancy, then they will find a verdict for the plaintiff and assess his damages for the detention thereof, and also find what is the monthly value of the premises. 2. But if the jury find that Alfred Reed held possession of the premises in controversy for the firm of Evans & Reed, of which he was a partner, and that without the knowledge or consent of Evans, his co-proprietor, he admitted Palmer into the occupancy of part of the premises, and surrendered the whole to Gibson by directing Palmer to pay his rent to him and delivering up the keys of the other tenement, then the possession thus taken by Gibson was a wrongful possession and conferred no such right to the possession as can be made a sufficient basis for a recovery in the cause."

*Frissell*, for appellant.

*Noell*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was a writ of forcible entry and unlawful detainer brought by the plaintiff Gibson against the defendant Tong.

The cause was taken by *certiorari* from the justice to the circuit court, where the plaintiff had judgment.

The sixteenth section of the act concerning forcible entries and unlawful detainers directs that when the jury is sworn the justice shall cause the complaint to be read to them, and then call upon the plaintiff for proof to sustain the same; but the complainant shall not be compelled to make further proof of the forcible entry or detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained or unlawfully detained the same. This section has never been so construed as to require the plaintiff to show any title in himself. A mere title in this proceeding avails the plaintiff nothing unless it is accompanied with the possession. He may have the legal title, and yet be guilty of an unlawful entry. The statute merely means that the plaintiff shall have the peaceable possession of the premises at the time of the unlawful entry. If he has that, he can not be turned out unlawfully or by force, but only by due course of law.

The instructions given by the court were erroneous, as there was no evidence to support them. The only fact in the record which had the least tendency to show that the plaintiff was possessed, was the direction of Reed (who last had the possession of them) to his tenant Palmer, to pay the rent to the plaintiff. Palmer, it seems, had only a portion of the premises, and the court assumes that the keys of the other tenements not possessed by Palmer were delivered to the plaintiff. Nothing is stated in the record in relation to this delivery of keys to the plaintiff. Of course, then, there could be no authority for the court to assume the existence of such a fact in an instruction. But if there was a direction to Palmer to pay the rent to the plaintiff, and a delivery of keys as assumed, these were circumstances from which the jury would have determined whether the plaintiff was in the possession of the premises, and it was not for the court to intimate to them that as a matter of law they constituted a possession. Judgment reversed and the cause remanded; the other judges concur.