SUSAN WALKER, Respondent, *v.* LOUISA HARPER, Appellant.

*Landlords and Tenants.*—The purchaser from the landlord can maintain an action under the statute to recover the possession of the premises from the tenant neglecting to pay rent. (R. C. 1855, p. 1018, § 38, 89.)

*Landlord and Tenant.*—Tenant cannot dispute his landlord's title.

*Landlords and Tenants—Justices' Courts.*—It is not necessary, under the provisions of R. C. 1855, p. 1016, § 33, that the statement should show that the premises sued for are in the ward or township in which suit is brought.

*Appeal from St. Louis Land Court.*

*Goodlett* and *Gray*, for appellant.

I. The justice before whom this suit was commenced had no jurisdiction of the case, as it was neither alleged or proved that the property sued for was within his ward ; and by 33d sec. of 2 R. C. 1855, p. 1016, his jurisdiction in landlord and tenant proceedings is confined to cases in his ward. The justice had no jurisdiction except that given in 26 Mo. 601, and consent even cannot give it. (20 Mo. 350.) This landlord and tenant proceeding is a special statutory one, and to sustain jurisdiction it must be affirmatively alleged and shown.

II. The second instruction should have been given. (2 Phil. Ev., last ed., p. 137 & n. 293, and p. 148, div. 5, entitled " Jurisdictions with respect to time and place of holding the court," &c., and authorities there cited ; also, p. 196 of same book.)

The description of the property sought to be recovered was not sufficient. Sec. 332, R. C. 1855, p. 1017, requires plaintiff to file a statement particularly describing the property rented or leased, and sworn to.

The court erred in excluding, when offered by defendant in evidence, the notice from Lindell of forfeiture of lease, and the record in the ejectment suit brought by Lindell and then pending against defendant and others, and brought by Lindell before his agreement with Mrs. Walker and before she brought this suit; 1. Because Mrs. Walker claimed under Lindell, and was, as a privy under him, bound by his acts and admissions.    The notice of forfeiture was dated 28th December, 1858, long before this suit was brought, and the suit by Lindell in ejectment to enforce the forfeiture, also brought before this suit, all being acts of Mrs. Walker's alleged grantor, were, as I contend, clearly admissible against Mrs. Walker, Lindell's alleged grantee.    (1 Greenl. Ev., § 189.) On this ground, what Lindell had done and claimed in regard to the lease was admissible.    It was neither alleged or proved that defendant had ever paid rent to plaintiff, or had ever acknowledged herself to be the tenant of plaintiff.    Indeed, plaintiff's allegations and proof all proceeded upon the idea that defendant had never acknowledged the relation of tenant to plaintiff; but that plaintiff had acquired the rights of Nugent and of Lindell, and therefore she was entitled to call (as being assignee of Nugent and Lindell) on defendant for rent, on showing the deeds of Nugent and the agreement of Lindell, &c., to defendant.    Plaintiff's allegations and proof sought to make a case under 2 R. C. 1855, p. 1018, § 38, 39 & 40, and there was no proof to entitle plaintiff to recover except as a purchaser under either Nugent or Lindell.

III. The third instruction refused should have been given. Plaintiff's agreement with Lindell of 15th August, 1859, gave plaintiff no rights as landlord against defendant, because it was not a deed nor acknowledged.    R. C. 1855, p. 1018, § 38, gives this remedy only to a purchaser, and § 40 requires the plaintiff instituting this proceeding to show a " deed from the original lessor, regularly acknowledged," in order to make out a case for this remedy.    The agreement between Lindell and plaintiff was not a deed, nor was it acknowledged.

*Geo. Marshall*, for respondent.

BATES, Judge, delivered the opinion of the court.

This is a proceeding, under the landlord and tenant law, for the possession of a lot in the city of St. Louis. It was tried before a justice of the peace, where the plaintiff had judgment. The defendant appealed to the Land Court, where judgment was given against her, and she appealed to this court.

It appears that Thomas Nugent, who was assignee of a lease from Peter Lindell to one Keegan, who had assigned it to Nugent, sublet a portion of the leased property to the trustee of Mrs. Gore, at a rent equal to one-fourth of the rent Nugent was to pay Lindell, who transferred the sublease to the defendant, who occupied the premises. Nugent assigned the lease from Lindell to the plaintiff. The lease from Lindell to Keegan was for twenty years, at a fixed rent for the first ten years, and for the second ten years the rent should be fixed by arbitrators in a manner provided in the lease. At the end of the first ten years, Lindell and the plaintiff fixed the amount of the rent for the second ten years by agreement. The defendant having failed to pay rent after demand and exhibition to her of the deed under which the plaintiff claimed, this suit was brought.

At the trial in the Land Court, the defendant asked a number of instructions, which were refused, and those refusals assigned for error. The instructions are as follows:

1. The defendant asked the court to declare that there is no such particular description of the property held or rented by defendant in the complaint of plaintiff as will entitle plaintiff to recover in this proceeding.

2. Unless it is made to appear both by averment in the complaint or sworn statement of plaintiff, and by proof before the court, that the property sued for is situated in the ward of St. Louis for which C. Hequembourg was justice at the time of trial before him, there can be no judgment for plaintiff, but the suit must be dismissed for want of jurisdiction.

3. The deed or assignment of Thomas Nugent to Susan Walker does not make said Susan Walker the landlord of defendant, nor entitle said Susan Walker to collect rent of defendant.

4. The agreement of 15th August, 1859, between Peter Lindell and Susan Walker is not such an instrument as makes said Susan Walker landlord of defendant, and is not so executed or acknowledged as entitles her to collect rent of defendant accruing after January, 1859.

5. The fixing of the rent of the premises leased by Lindell to Keegan for the last period of ten years, made between Lindell and Walker on the 15th August, 1859, was not binding on defendant as assignee of a portion of said premises, and gives plaintiff no right to demand such rent of defendant.

6. The legal effect of Thos. Nugent's deed to Mary Gore's trustee, and said Gore's deed to defendant, is to make defendant assignee of that portion of said leased premises described in said deeds; and the legal effect of Thos. Nugent's deed to plaintiff is to make her assignee of the other portion of said leased premises not previously assigned to defendant through Gore, and this last deed (from Nugent to Walker) does not make her landlord of defendant, nor entitle her to collect rent of defendant.

7. If the lease from Lindell to Keegan, under which both plaintiff and defendant claim, was forfeited by the act of Lindell and he is prosecuting a suit at law to recover the same for such forfeiture, then plaintiff's rights as assignee of said leased premises are at an end and plaintiff cannot recover.

As to the first and second instructions, it is sufficient to say that the objections to the plaintiff's right of recovery set up in them should have been made at an earlier time or in a different manner. They were not made before the justice, nor to the Land Court, before the end of the trial, nor otherwise than by instruction. It was too late to make them at the end of the trial. We do not mean to say that they would have been good at any time.

The third and sixth instructions were clearly wrong. The

defendant was tenant of Nugent, and, under the 38th and 39th sections of the landlord and tenant law, the plaintiff, being purchaser from Nugent, could maintain this suit.

The fourth and fifth instructions had no relation to the case. As to the relations between the plaintiff and defendant, the agreement between Lindell and the plaintiff had no connection with them. The defendant being the plaintiff's tenant had no right to dispute her landlord's title, and this applies also to the seventh instruction, which was bad also for supposing a forfeiture of the lease from Lindell to Keegan, about which there was no evidence whatever.

At the trial, the defendant offered to give in evidence a notice by Lindell of a forfeiture of the lease, and an agreement between Lindell and the plaintiff as to their future relations as landlord and tenant, and their agreement to try and get the defendant out of possession, because she kept a bawdy house.

These were properly rejected because they were irrelevant to the issues on trial. The defendant moved in arrest of judgment because the complaint or statement did not show that the premises in dispute were in the Sixth ward of the city of St. Louis, nor was it proved on the trial.

The statute prescribes what the statement shall contain, and does not require it to contain any allegation that the premises sued for are in the ward where the suit is brought, and if the suit had been in fact brought in the wrong ward the defendant should have shown the want of jurisdiction before verdict.

Judgment affirmed. Judges Bay and Dryden concur.