Silvey v. Summer et al.

MARY A. SILVEY, Plaintiff in Error, *vs.* ALPHONSO SUMMER, *et al.*, Defendants in Error.

1. *Practice, civil—Failure to ask instructions—Review of case above, how affected by.*—A case may be reviewed on exceptions saved notwithstanding no instructions were asked in the court below.

2. *Forcible entry and detainer—Defense of homestead entry.*—In suit by a landlord for a forcible entry and detainer, a certificate of homestead entry granted to the tenant, cannot be interposed as a defense, because 1st. the title to the property cannot be tried in such proceeding, and 2d. the title so set up would be antagonistic to that of the landlord. Where, however, the tenant procures the title of his landlord either by direct conveyance or through the operation of law, as by tax sale, it may be set up as a defense.

3. *Husband and wife—Rent of wife's land—Release of by husband.*—The husband has no power, by parol, to release a tenant from payment of rent on the wife's land.

4. *Forcible entry and detainer—Jurisdiction of justice as to damages.*—In actions of forcible entry and detainer the jurisdiction of the justice, in the matter of damages, is not limited to three hundred dollars.

5. *Forcible entry and detainer—Description of property, what sufficient.*—In an action of forcible entry and detainer brought in the county of Morgan, the property in dispute was described in the complaint as "South of Osage River," whereas the county was north of it. But enough was recited elsewhere in the complaint to identify the property with land shown to be situated in Morgan county. *Held,* that the words describing it as "South of Osage River" might be rejected as surplusage, and that the description was sufficient for the purposes of that action. Great strictness and accuracy of description is not essential in these complaints.

6. *Bill of exception—Recital of as to evidence preserved.*—Under rule 7, of the Rules of the Supreme Court, (48 Mo.) the bill of exceptions need not recite that all the evidence is preserved therein.

7. *Forcible entry and detainer—Written demand.*—In suit for unlawful entry and detainer, no previous written demand for possession of the premises is necessary.

*Error to Morgan Circuit Court.*

*James A. Spurlock,* for Plaintiff in Error, cited in argument, Wagn. Stat., 646, § 26 ; 2 Greenl. Ev., § 306 ; Parker vs. Raymond, 14 Mo., 535.

*A. W. Anthony,* for Defendant in Error, cited in argument Wagn. Stat., 642, § 3 ; 655, § 1 ; 879, §§ 12, 13 ; 380, § 5 ; 1 Greenl. Ev., ch. 2, p. 6. *et seq.* ; 27 Mo., 434 ; 38 Mo., 363 ; 30 Mo., 488 ; 18 Mo., 509 ; 19 Mo., 118 ; id., 642 ; 26 Mo., 601 ; 27 Mo., 101 ; Wagn. Stat., 807–8, §§ 2, 3 ; 647, § 31.

SHERWOOD, Judge, delivered the opinion of the court.

One Marshall Bartlett rented of Martin Silvey, in 1867, a certain tract of land in Morgan county, claimed to be owned by the wife of the latter. The rent for that year was paid and the place re-rented for one year to date from the 1st of March, 1868, until a corresponding period in the following year. The rent for the second year not having been paid, the present proceeding was instituted for the alleged unlawful detainer, for damages, and the accruing rents. During the pendency of that action, Martin Silvey, former co-plaintiff of the present plaintiff, has died, as has also Marshall Bartlett, the original defendant, and this suit has been revived in the name of the surviving plaintiff, and against the administrator and heirs of Marshall Bartlett. An appeal from the judgment of the justice who tried the cause, was taken to the circuit court, where, on trial anew, the defendants had judgment.

## I.

Although no instructions were asked in the court below, yet this alone will not prevent this court from reviewing the the action of the lower court, since exceptions were taken in other particulars; and the authorities cited by defendants (Soutier vs. Kellerman, 18 Mo., 509; Clemens vs. Broomfield, 19 Mo., 118; Moore vs. Turner, ib. 642), to sustain the view that instructions must of necessity be given or refused in order to have the cause passed upon here, afford that theory no support whatever; on the contrary, the case of Moore vs. Turner, *supra*, gives recognition to the idea that exceptions may be saved, and acted upon in this court, not involving the giving or refusing of instructions.

## II.

The chief ground of the exception taken by plaintiff was the action of the trial court in permitting the defendants to offer as evidence in defense of the action, a certificate of homestead entry, bearing date February 29, 1869, and granted to Marshall Bartlett for the premises in dispute by the register and receiver at Boonville. This exception was clearly tenable

for various reasons. Section 26, p. 646, Wagn. Stat., of forcible entry and detainer act, provides that " the merits of the title shall in no wise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter." On this point the adjudications of this court have been uniform, and could not under such a plain expression of the legislative will have been otherwise. (Stone vs. Malot, 7 Mo., 158 ; Keyser vs. Rawlings, 22 Mo., 126 ; Krevet vs. Meyers, 24 Mo., 107 ; Spalding vs. Mayhill, 27 Mo., 377 ; Gibson vs. Tong, 29 Mo., 133 ; Beeler vs. Cardwell, 33 Mo., 85 ; Harvie vs. Turner, 46 Mo., 444 ; Van Eman vs. Walker, 47 Mo., 169.)

### III.

But it is attempted to exempt this case from the operation of the statutory rule, by endeavoring to show a contract between Silvey, the husband, and Bartlett, the tenant, whereby the former agreed with the latter that if he would enter the tract under the homestead law, he, Silvey, would not demand any more rent. The language of Silvey could not be tortured into à contract, but even if it could, it could not prejudice in the least the right of the wife. Without her concurrence by deed, duly executed and acknowledged, it would be impossible for the husband to sell the " rents, issues and products" of her land, or the land itself, or any interest therein, even that which he acquired by reason of the marriage. (Wagn. Stat., 935, § 14.) By parity of reasoning it would be out of the husband's power, by mere parol, to release the tenant from discharging the obligations incident to his existing tenancy.

### IV.

Again, the certificate of the homestead entry was inadmissible for another reason. A tenant cannot dispute the title of his landlord. (Walker vs. Harper, 33 Mo., 592 ; Pentz vs. Knester, 41 Mo., 447.) What is meant by this is that a tenant cannot set up an outstanding or antagonistic title to that of his landlord. If, however, a tenant has acquired his landlord's title, either directly or through the medium of a tax-sale, as was decided at the present term in the case of Higgins vs. Turner, the rule spoken of does not apply.

## V.

There is nothing in the point that the damages claimed in the complaint, $300, exceed the jurisdiction of a justice of the peace. The statute has made no limit in this regard, and we would not be authorized in making one. Nor is there anything in the other jurisdictional question raised by defendants, that the complaint, by alleging that the property in dispute, the S. E. frac. quarter, section 30, T. 40, R. 18, is south of the Osage river, shows upon its face that the justice had no cognizance of the action; for other portions of the complaint show that the property in question was the same property as that rented to Marshall Bartlett, and the location of the land thus described, was shown by more than one witness to be in Morgan county, and, therefore, within the jurisdiction of the justice. So that the words, "south of the Osage river," may be rejected altogether, and still there would be enough left whereby the property would be indentified. In addition to that, an examination of a sectional map of this State, discloses that although Morgan county lies north of the Osage river, yet in consequence of a large bend in that stream, the land in suit is in fact on the south side of that bend, but still in Morgan county. Great strictness and accuracy in these complaints has not been deemed essential heretofore. In Tipton vs. Swayne (4 Mo., 98), the premises were described as "one house and one garden," and held sufficient. So, also, in Walker vs. Harper (33 Mo., 592), it was not alleged that the property which was in the city of St. Louis, was in the ward where suit was brought, and beyond whose limits the justice had no jurisdiction; and yet the description was held well enough.

## VI.

Under rule 7, it is not necessary that the bill of exceptions should recite that all the evidence is preserved therein, as this will now be presumed. (See New Rules Sup. Ct., adopted October term, 1871, Vol. 48 Mo.)

## VII.

There is only one remaining point to be discussed. It was not raised during the progress of the trial, but as this cause must obviously be re-tried, it is thought best to notice it, especially as it is also alleged in support of the judgment rendered. It is this, that no demand in writing was made for the possession of the premises, prior to instituting suit. None was necessary. (Wagn. Stat., 880, § 14; Young vs. Smith, 28 Mo., 65; Alexander vs. Westcott, 37 Mo., 108; Andrae vs. Heinritz, 19 Mo., 310; Grant vs. White, 42 Mo., 285.)

The judgment must be reversed and the cause remanded. All the other judges concur.