The State ex rel. Spickerman v. Fox.

85　61
91a 398

THE STATE *ex rel.* SPICKERMAN V. FOX, *Judge.*

**Prohibition.** A writ of prohibition denied in this case, the object of which was to prohibit a circuit judge from further proceeding in a *habeas corpus* matter pending before him.

### *Prohibition.*

WRIT DENIED.

*J. P. Johnson* and *D. H. McIntyre* for relator.

*J. E. F. Edwards, Emerson & Cahoon* for respondent.

HENRY, C. J.—This is an original proceeding in this court, the object of which is to prohibit Judge Fox from further proceeding in a *habeas corpus* case pending before him. We have not been favored with a statement of the case by either side, and have, consequently, been compelled, in order to learn the facts, to read a very lengthy petition written in a hand almost as difficult to decipher as the hieroglyphic inscriptions upon Egyptian monuments. What we make of it is this: The relator was appointed guardian of John Dasch, an infant, by the probate court of Madison county, in April, 1883, and in 1884, the mother of the infant appeared and filed her motion to set aside said order appointing relator guardian, which was sustained. Relator asked that an appeal be allowed him from the rescinding order to the circuit court, which was refused by the said probate court, and thereupon, he instituted a proceeding in the circuit court of said county to compel the allowance of his appeal. There was a judgment against him in the circuit court in that proceeding, from which he appealed to this court. Pending this mandamus cause, the mother of the child

sued out of the circuit court a writ of *habeas corpus*, the object of which was to get the child out of relator's custody, who, in his return to that writ, gave a detailed history of the litigation up to that time, alleging the invalidity of the order of the probate court rescinding that appointing him guardian, charging that the person claiming to be the mother of the child (her name we have not been able to make out), was not in fact its mother; that she is an unfit person to be entrusted with its care and custody; that, in her motion to set aside the order vacating the order appointing relator guardian, she asked for the custody of her child, which was refused. This last matter, we take it, is pleaded as *res judicata*.

In this petition, after going over the whole ground, it is alleged that in said *habeas corpus* cause before Judge Fox, the return of the relator herein was filed on the twenty-ninth day of September, 1884, and, on that day, he filed an application for a continuance of said cause, in order to enable him to make preparation for a trial, and prepare for his defence, which was refused. Whether he asked a continuance to the next term, or for what length of time, is not stated. Whether there were any absent witnesses whose attendance he wished to procure, he does not state, nor is anything stated in this connection to show that the judge acted arbitrarily or oppressively. The cause was tried, and the court, having heard all the testimony adduced, announced that he would take the case under advisement until the fifteenth of December, 1884, and would then determine it, and, while said judge had the matter thus under advisement, this proceeding was instituted.

There are no facts alleged in this petition of an issuable nature, relating to the custody of the child, that were not in issue in the *habeas corpus* case. Whether the person claiming the custody of the child is its mother; whether she is a fit person to have that custody; whether the proceedings in the probate court were valid

The State ex rel. Spickerman v. Fox.

·or invalid were all in issue in the *habeas corpus* case. The court in which it originated, and the judge of that ·court have jurisdiction of the cause and no sufficient reason is shown why he should be prohibited from pro- ·ceeding to judgment therein.

The pendency of relator's mandamus case is no reason for the extraordinary step which this court is asked to take in this proceeding. In that cause all that will be finally ·determined is that relator had, or had not, the right to an appeal from the order of the probate court, rescinding the order appointing him guardian of the child. If that appeal be allowed him, no one can tell when the controversy will come to an end, and, on such a plea he might, for an indefinite period, retain the custody of a child, against its natural guardian. We think that the circuit judge ·should not be interfered with in his proceedings by this ·court. If he can be prohibited on the facts alleged, then it will not be long until it will not be unusual, but common practice in this court, to prohibit judges of other ·courts from proceeding to hear and determine causes under the *habeas corpus* act. Nor does it follow that, if the court finds that the relator is not entitled to the ·custody of the child, it will place it in the custody of the ·mother. The law authorizes the court, or magistrate, to "dispose of the prisoner as the case shall require."

The writ is denied and the petition dismissed. All ·concur.