J. D. GRAHAM, Appellant, v. GRANT CONWAY, Justice of Peace et al., Respondents.

**Kansas City Court of Appeals, January 6, 1902.**

1. **Forcible Entry and Detainer: STATUTE: POSSESSION: TITLE.** In an action in forcible entry and detainer, the statute does not permit an inquiry into the title but only the right of possession.

2. **Justices' Courts: TITLE: CERTIFYING: CIRCUIT COURT.** In all actions before a justice except for forcible entry and detainer, it is the duty of the justice to certify the cause to the circuit court whenever it appears that the title to real estate is involved.

3. **Forcible Entry and Detainer: TITLE: POSSESSION.** In an action for forcible entry and detainer, the justice can not give attention to a pleading showing that the defendant has an equitable title to the premises, but must proceed to determine the right of the possession.

4. **Prohibition: FORCIBLE ENTRY AND DETAINER: TITLE: JURISDICTION.** The fact that the defendant, in a forcible entry proceeding, files a pleading setting up title in himself, does not oust the jurisdiction of the justice and therefore prohibition will not lie to interdict the issue of an execution on his judgment.

5. **Forcible Entry and Detainer: TITLE: EFFECT OF JUDGMENT.** A judgment in forcible entry and detainer can in no wise affect the title of the parties to the land in controversy.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*L. M. Green, Graham & Fulkerson, Grant S. Watkins* and *Johnson, Rusk & Stringfellow* for appellant.

(1) The alternative writ and auxiliary restraining order were properly granted and should have been made permanent, for the reason that when defendant in the justice court filed his answer and affidavit setting up an equitable defense and putting a land title in issue, the justice lost jurisdiction of the cause and should have been prohibited from proceeding further therewith. R. S. 1899, sec. 3837; R. S. 1899, secs. 4448-4456; Constitution of Missouri, art. 6, sec. 23; Bennett v. McCaffery, 28 Mo. App. 220; State ex rel. v. Ganzhorn, 56 Mo. App. 519; State ex rel. v. Ganzhorn, 52 Mo. App. 220; Silvey v. Summer, 61 Mo. 253; R. S. 1889, sec. 6219; R. S. 1889, sec. 1674, par. 4; Meier v. Thieman, 90 Mo. 433; Seeser v. Southwick, 66 Mo. App. 667; Keen v. Schweigler, 70 Mo. App. 409. (2) Although section 6219, Revised Statutes 1889, excepts unlawful detainer suits from its provisions authorizing the justice to certify the cause

Graham v. Conway et al.

to the circuit court when a land title is put in issue, it does not therefore authorize the justice to try a cause when a land title is put in issue. Neither can he try a cause when a purely equitable defense is interposed. Both a land title and a purely equitable defense was interposed in this cause by defendant's answer and whether the justice should have certified it to the circuit court or not he could not try it. If there is no law authorizing him to certify the cause to the circuit court, then the common law would govern and plaintiff should have been nonsuited. Kelley's J. P. Guide (Edition 1872), page 83, and cases cited; Bennett v. McCaffery, 28 Mo. App. 220; State ex rel. v. Ganzhorn, 52 Mo. App. 220; State ex rel. v. Ganzhorn, 56 Mo. App. 519; Seeser v Southwick, 66 Mo. App. 667; State ex rel. v. Allen, 45 Mo. App. 560; Thomas v. Mead et al., 36 Mo. 246; R. S. 1889, sec. 3837; Langford v. Montieth, 102 U. S. 145. And prohibition is defendant's proper remedy. State ex rel. v. Hirzel, 137 Mo. 435. See also other cases cited under this point. The circuit court alone has jurisdiction to try a land title or take an equitable accounting. Constitution, art. 6, sec. 23; R. S. 1889, sec. 3318. (3) There never was any statute pointing out what should be done with a suit in justice court when a purely equitable question arose for adjudication. Our law recognizes the right of an equitable defense, but prohibits the justice from trying it. Therefore the general power of superintendence given under the Constitution to circuit courts over justices of the peace would authorize them to prohibit the justice from proceeding without jurisdiction and give the circuit court authority to compel the justice to send the cause to the proper jurisdiction. R. S. 1899, secs. 4448-4456; Constitution, art. 6, sec. 23; 28 Mo. App. 220; Kellys' J. P. Guide (1872), p. 83, and cases cited.

*David Rea* and *J. A. Sanders* for respondent.

(1)   Thus it appears by the pleadings and the justice docket that the answer and motion made by appellant in the unlawful detainer case only raised a question as to title to the land.   Not one word said about an equitable defense.   This equitable defense was an afterthought and was not presented in the case before the justice.   (2)   The original suit of James Graham, as plaintiff, against James D. Graham, as defendant, before defendant Conway, justice of the peace, was a suit for unlawful detainer under chapter 68, Revised Statutes 1889, entitled "Forcible Entry and Detainer," and the defendant therein sought to oust the justice of his jurisdiction because, as he alleged, the title to real estate in controversy was involved.   The title to the land could not in that suit be inquired into.   The only thing that could be considered was the right to possession, and the court could not be ousted of its jurisdiction by any plea to title.   The justice had full jurisdiction to render the judgment it did.   Secs. 5111 and 6219, R. S. 1889; Gooch v. Hollan, 30 Mo. App. 450; Pierce v. Rollins, 60 Mo. App. 497; Bell v. Cowan, 34 Mo. 251; Beeler v. Cardwell, 33 Mo. 84; Gibson v. Tong, 29 Mo. 133; Spalding v. Mayhall, 27 Mo. 377; Stone v. Malot, 7 Mo. 158; Craig v. Donnelly, 28 Mo. App. 342.   (3) Respondent Conway as such justice of the peace had full jurisdiction to hear and try the unlawful detainer case and render judgment therein; no writ of prohibition would lie against him as such justice.   State ex rel. v. Burckhartt, Judge et al., 87 Mo. 533; High Ext. Legal Remedies (2 Ed.), sec. 767; Trainer v. Porter, Judge, 45 Mo. 336; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216; State ex rel. v. Police Com., 16 Mo. App. 48; State v. Anthony, 65 Mo. App. 543; State ex rel. v. Fox, Judge, 85 Mo. 61.   (4)   In the unlawful detainer suit, the plaintiff herein had the right to appeal to the circuit court from the judgment rendered by the justice against him, and such an appeal would have afforded a complete remedy and no prohibition would lie against

the justice. High on Ex. Legal Remedies (2 Ed.), sec. 771; State ex rel. v. Seay, 23 Mo. App. 630; Mastin v. Sloan et al., 98 Mo. 252; State v. Klein, 116 Mo. 159; State ex rel. v. Bowerman et al., 40 Mo. App. 576.

SMITH, P. J.—The case briefly stated is about this: Respondent James Graham brought an action of forcible detainer against the relator before a justice of the peace to recover the possession of 169 acres of land; on the day the case was set for trial before the justice, relator filed a petition in the circuit court, in which he was plaintiff and the said respondent, James Graham, was defendant, wherein it was alleged that plaintiff did certain work and labor and performed certain services for defendant during a period of thirteen years, under a contract with defendant by which he (defendant) agreed that if plaintiff would take charge of and work his (defendant's) farm during his life he would pay plaintiff for such services a certain compensation, and in payment of such services, by will or deed convey to plaintiff his farm —the same consisting of the 167 acres of land described by the complaint in the unlawful detainer suit. The said petition further alleged certain breaches of the said contract by defendant and prayed for an accounting, and that if on such accounting it should appear that the amount found for plaintiff should equal or exceed the value of said farm that the title thereto be decreed in plaintiff, etc.

It appears from the justice's transcript that both plaintiff (respondent here) and defendant (relator here) appeared before the justice in said unlawful detainer case, and after the plaintiff had announced that he was ready to proceed with the trial, "the defendant filed with said justice a paper writing setting up an equitable title to the premises described in the complaint and requesting the justice to certify the said cause to the circuit court, which request was denied." The paper just referred to nowhere appears either in the justice's

transcript nor elsewhere in the record now before us. The trial before the justice resulted in judgment for plaintiff.

Whether or not the equitable title referred to in the entries on the justice's docket, which have just been quoted, is the same as that set up in the petition filed in the circuit court, and to which we have referred, we are left to conjecture. But assuming the facts set forth in the paper writing filed by the justice to be identical with those alleged in the petition, what then? The defendant, concluding that by the filing of such paper the justice was deprived of jurisdiction of the cause, filed his petition in the circuit court praying that a writ of prohibition issue against the said justice and the plaintiff in said unlawful detainer suit, perpetually prohibiting them from enforcing said justice's judgment or the execution thereon or from taking any further steps or performing any official or other acts whatever in connection with said judgment and execution. After the return was filed there was a hearing which resulted in the denial of the writ. The relator brings the cause here by appeal.

Several questions are presented and discussed in the brief of counsel but it seems to us that the underlying and decisive question in the case is, after all, whether or not the filing by defendant of the paper writing before the justice had the effect to deprive that officer of his jurisdiction, for if it did prohibition would properly lie against the justice. This question must be resolved in the light of the statute.

By section 5111, Revised Statutes 1889, to be found in the chapter relating to forcible entry and detainer, it is provided: "The merits of the *title shall in nowise* be inquired into on any complaint which shall be exhibited by virtue of the provisions of this chapter." It thus appears that in all actions brought under the forcible entry and detainer statute, only the right to the possession can be inquired into and determined. Gooch v. Hollan, 30 Mo. App. 450; Pierce v. Rollins, 60 Mo. App. 497; Bell v. Cowan, 34 Mo. 251;

Beeler v. Cardwell, 33 Mo. 84; Gibson v. Tong, 29 Mo. 133; Spalding v. Mayhall, 27 Mo. 377; Stone v. Malot, 7 Mo. 158; Craig v. Donnelly, 28 Mo. App. 342.

Section 6219, Revised Statutes 1889, in effect provides that if in any action (except in those for forcible entry and detainer, or for unlawful detainer) brought before a justice of the peace, the title to real estate shall be put in issue by any pleading verified by the oath or affidavit of the defendant or some credible person in his behalf, or if it appears to the satisfaction of the justice to be in issue on the trial, such justice shall certify the cause and transmit all papers to the clerk of the circuit court. The said exception welded onto the latter of said sections expressly denies to justices of the peace in actions like the present the authority to certify when the title to real estate is in issue.

The first of said sections denies to justices of the peace the jurisdiction to inquire into the merits of the title to real estate or, which is the same thing, limits their jurisdiction to inquiry into the possessory rights of the parties to the real estate described in the complaint, while the second in effect declares that such actions shall not be certified when the plea of title is interposed. And since a justice of the peace in actions of this kind is without jurisdiction to hear and determine any issue of title to real estate, it results that if such a plea be interposed he can pay no heed to it, nor can he certify the cause to the circuit court. Even if defendant in the unlawful detainer action had filed with the justice a "paper writing" showing that he had title to the real estate described in the complaint, or that he had a title thereto superior to that of the plaintiff, the justice could neither have tried the issue nor certified the cause to the circuit court. And the same would be true if the "paper writing" set up an equitable right or title to the land. Whether the title or claim pleaded be legal or equitable, or both, the justice would have no jurisdiction to try the same (Revised Statutes 1889, section 6124) nor

could he, as we have seen, certify, if the action were for forcible entry and detainer or for unlawful detainer. And as the justice who is respondent here had jurisdiction to try the unlawful detainer case that was brought before him without regard to the legal or equitable claim of title interposed by defendant, it necessarily follows that prohibition would not lie against him interdicting the issue of execution on his judgment or his taking such other steps as are usual under the judgment and execution. State v. Burckhartt, 87 Mo. 533; State v. St. L. Ct. of App., 99 Mo. 216; State v. Fox, 85 Mo. 61; State v. Anthony, 65 Mo. App. 543. .

The determination in the unlawful detainer suit of the issue of the right of possession to the land, whether determined the one way or the other, could not possibly affect the relator's legal or equitable title to the land. No advantage could result to either party to the equity suit from any judgment rendered in the unlawful detainer suit. The relator's rights in the former would in no way be impaired or affected by the judgment against him for possession in the latter.

We think the judgment of the circuit court denying the writ was proper and we shall accordingly affirm it. All concur.