CARTER M. BARRY et al., Plaintiffs in Error, v. ELLA K. BANNERMAN, Defendant in Error.

### St. Louis Court of Appeals, June 3, 1913.

1. **JUSTICES' COURTS: Jurisdiction: Sufficiency of Record.** An objection that the record of a case before a justice of the peace did not reveal that he was the justice for the district in which he assumed to act, was untenable where it appeared from the complaint that he was a justice for such district and that the complaint was made to him as such.

2. ————: **Unlawful Detainer: Jurisdiction: Sufficiency of Complaint.** In an action for unlawful detainer, under Sec. 7616, R. S. 1909, before a justice of the peace for the city of St. Louis, it is not necessary that the complaint recite that the property affected is situated within the justice's district, but, inasmuch as the location of the property is a matter to be proved at the trial, it is sufficient if the judgment recite that the property is located within the justice's district.

Error to St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*Thomas J. Rowe, Jr.,* and *Henry Rowe* for plaintiffs in error.

(1) A justice of the peace in the city of St. Louis has jurisdiction in unlawful detainer cases where the property is situated within his district. See Secs. 7615, 7616 and 7617, R. S. 1909, which define the jurisdiction of justices of the peace of the city of St. Louis. (2) The fact that the property is in the justice of the peace district in which suit is instituted, is a jurisdiction fact and must affirmatively appear in the complaint lodged with the justice. Sec. 7904, R. S. 1909; Allen v. Scharringhausen, 8 Mo. App. 229; Bast v. Ketchum, 5 Mo. App. 433; O'Fallon Bldg. Co. v. Rodrigues, 6 Mo. App. 575; Walker v. Harper, 33 Mo. 592; Gideon v. Hughes, 21 Mo. App. 528; Olin v. Zeig-

Barry v. Bannerman.

ler, 42 Mo. App. 193. (3) In a case before a justice of the peace, all jurisdictional facts must appear upon the face of the proceedings, and if any jurisdictional fact fails to so appear, the justice has no jurisdiction and that question can be raised on writ of error or appeal. Ewing v. Donnelly, 20 Mo. App. 6.

*Abe Lowenhaupt* for defendant in error.

(1) In unlawful detainer or forcible entry and detainer, the petition does not need to state that the property is within the justice district. Kennedy v. Pruett, 24 Mo. App. 416; Silvey v. Sumner, 61 Mo. 253; Walker v. Harper, 33 Mo. 592; Harvie v. Turner, 46 Mo. 444. (2) A complaint in the form prescribed and printed in the back of the statutes, which has been used for many years, is not subject to attack for informalities. Tucker v. McClenney, 103 Mo. App. 318; Bradford v. Tilly, 65 Mo. App. 182; Cabanne v. Spaulding, 14 Mo. App. 312; Isle v. Chilton, 26 Mo. 256; Alexander v. Westcott, 37 Mo. 108. (3) When the property is described as fronting upon a street, all of which street is within the justice district, then the courts judicially know that the property is within the district even though the formal statement that it is within the district is omitted. 16 Cyc. 921; Armstrong v. Cumings, 20 Hun, 313; People v. Kelly, 20 Hun, 549; Walsh v. Railroad, 102 Mo. 582; State v. Skibisky, 150 S. W. 1038; R. S. 1909, sec. 7610; report of judges dividing city into districts. Prince v. Crocker, 32 L. R. A. (Mass.) 610; Stealy v. Kansas City, 179 Mo. 407.

NORTONI, J.—This is a suit in unlawful detainer. Plaintiff recovered in the circuit court and defendants prosecute the writ of error here as plaintiffs in error.

The suit was instituted before George Grassmuck, justice of the peace, within and for the eighth district

of the city of St. Louis, Missouri. Omitting signatures and affidavit showing a proper verification, the complaint is as follows:

"Ella K. Bannerman, Plaintiff,

v.

"Carter M. Barry and Carter A. Barry, Defendants.

"Before Hon. George Grassmuck, Justice of the Peace within and for the Eighth District of the City of St. Louis, Missouri.

"Ella K. Bannerman complains to Hon. George Grassmuck, justice of the peace within and for the 8th district, city of St. Louis, that on the 2d day of November, 1911, she had the legal right to the possession of the following described premises, to-wit:

" 'Lots 1, 2 and 3 of "Residence Subdivision" of Lot 16 of "Jas. B. Clay's Subdivision of the Old Orchard Tract" and in Block 4448 North, of the City of St. Louis, fronting together 263 feet 1½ inches on the southern line of Natural Bridge avenue, by a depth southwardly to the northern line of Lexington avenue; and including the house now occupied by you, on the above described premises, known as 4542 Natural Bridge Road,' and that Carter M. Barry, and Carter A. Barry, the defendants, wilfully and without force hold the possession of the same after the termination of the time for which they were let to them, and after demand made in writing for the delivery of the possession thereof.

"Plaintiff further states that she has sustained damages by reason of the unlawful detainer aforesaid in the sum of twenty-five dollars ($25), and that the value of the monthly rents and profits of said tenements are fifty dollars ($50).

"Wherefore, the plaintiff prays judgment of restitution and for her damages in the value of the monthly rents and the profits of the premises aforesaid."

The sole question for consideration relates to the sufficiency of the complaint filed before the justice. We copy from their brief the proposition advanced by plaintiffs in error for a reversal of the judgment. It is said in the brief that "Plaintiffs in error contend that said justice of the peace had no jurisdiction to try, hear or determine said cause and consequently the circuit court of the city of St. Louis had no jurisdiction to try, hear and determine the same on appeal, for the reason that the complaint filed with justice, George Grassmuck, failed to allege that the real estate described in the complaint before him was situate in the 8th justice of the peace district of the city of St. Louis, Missouri; that under the statute in such cases made and provided, it was necessary to allege in the complaint, in order to confer jurisdiction upon Justice Grassmuck, that the property was situate in the 8th justice of the peace district of the city of St. Louis, Missouri.''

Under the statutes (Secs. 7606, 7607, 7608, 7609, 7610, R. S. 1909), the city of St. Louis is, by the action of the judges of the probate court, criminal court, court of criminal correction and of the circuit court, divided into districts, each one of which is entitled to one justice of the peace, etc. By Section 7616, Revised Statutes 1909, it is provided, concerning such justices, that "Every justice of the peace shall have jurisdiction co-extensive with the city in which he shall be elected, except in landlord and tenant cases, and in cases of forcible entry and detainer and of unlawful detainer, which shall be brought in the district where the property to be affected is situated.'' The argument is that, though the property described in the complaint and involved here may be as a matter of fact situated in the eighth justice of the peace district, the complaint is insufficient to confer jurisdiction on the justice, for the reason such fact—that is, that it is situate within

the eighth district—is not specifically averred therein. Authorities are relied upon which declare the rule that it must appear from the record of the case before the justice that such justice is a justice of the peace for the district within which he assumes to act. The proposition is established by prior decisions in landlord and tenant cases. [Allen v. Scharringhausen, 8 Mo. App. 229; Bast v. Ketchum, 5 Mo. App. 433.] The doctrine of the cases cited and relied upon is entirely familiar and goes to the effect that, as the justice court is of inferior and limited jurisdiction, the record of the cause before it must reveal that the justice was acting within the powers conferred. There can be no doubt of the principle and the rule it entails, but it is without influence on the record before us, for the *locus in quo* of the property involved in unlawful detainer is a matter of fact to be proved on the trial, if prior decisions are to be adhered to, and the judgment before us reveals that the property was found to be in fact situate in the eighth district. By reference to the complaint above copied, it appears that George Grassmuck was a justice of the peace within and for the eighth district of the city of St. Louis, Missouri, and that complaint concerning the unlawful detainer was made to him as such. Obviously the complaint on its face reveals that he possessed the power and jurisdiction of a justice of the peace within the eighth district. This alone satisfied the precise requirement declared in the authorities above cited. Moreover the property is located within the eighth district according to the finding of fact expressly recited in the judgment of the circuit court.

But it is said the rule renders essential, too, an averment of the complaint of the fact that the property is situate within the justice district, for the reason the statute (Sec. 7616, R. S. 1909) purports to confer jurisdiction on the justice in unlawful detainer only when the property affected is situated in his district. Here-

tofore such specific averment has not been required in complaints pertaining to an unlawful detainer, and we see nothing in the statute as it now stands invoking a change of the established rule. Though it be true that the record of the cause before the justice should reveal the essential jurisdictional facts somewhere therein, such an allegation as that insisted upon is certainly not required in the complaint. The statute (Sec. 7660, R. S. 1909) conferring the right to proceed in unlawful detainer and pertaining to the complaint does not in terms require such an averment but on the contrary merely enjoins the duty upon the plaintiff of "specifying the lands, tenements or other possessions so . . . unlawfully detained." The complaint before us specifies the lands and tenements with great particularity and is obviously sufficient in this respect.

The statute of 1879 (section 2422) provided as follows: "Forcible entries and detainers, and unlawful detainers, shall be cognizable before any justice of the peace of the county in which they are committed." The statute pertaining to such actions in the counties of the State outside of the city of St. Louis is precisely the same today as will appear by reference to section 7659, Revised Statutes 1909. Prior to the more recent statute passed in 1891 (see Laws of Missouri 1891, pp. 175, 176, 177), now incorporated in section 7616, R. S. 1909, which limited the jurisdiction of the justice in unlawful detainer to cases involving property situated in his district, the statute (Sec. 2422, R. S. 1879) prevailed in the city of St. Louis, and though a justice of the peace was elected to serve for a district, he, nevertheless, possessed jurisdiction in such cases throughout the entire city. In the case of Kennedy v. Prueitt, 24 Mo. App. 414, which originated and was determined before the new enactment and while the justices of the districts possessed jurisdiction throughout the entire city, a question similar to the one now made was involved. By reference to the original files

in that case, it appears the sufficiency of the complaint was assailed for the reason it did not aver the fact that the property involved was situated within the jurisdiction of the justice—that is, within the city of St. Louis, coextensive with the confines of which his jurisdiction then obtained. It appears that, though the property involved was specified and described in the complaint in that case, no averment whatever appeared to the effect that it was situate within the city of St. Louis. In disposing of the question concerning the complaint, the court said it was sufficient in that it appeared that the justice was a justice of the peace for the city of St. Louis, and this too, though it was not averred the property was situate within that jurisdiction. Furthermore the court seemed to treat the matter of the *locus in quo* of the property, if described in the complaint without specific averment that it was situate in the city, as one to be treated as concluded after judgment, by the evidence given at the trial. Touching this matter the court said:

"Upon the trial in the circuit court, it appeared by documentary evidence offered by both parties that the premises in controversy were within the city of St. Louis. These being the facts bearing on the question of jurisdiction, we think the defendant is precluded from asserting with effect, for the first time after verdict rendered, that the justice had no jurisdiction, because the complaint is defective in the statement of jurisdictional facts. [Walker v. Harper, 33 Mo. 592; Silvey v. Summer, 61 Mo. 256.] This point, therefore, must be ruled against the defendant, the appellant, who now insists upon it."

The Supreme Court ruled likewise in an unlawful detainer case, under the statute conferring jurisdiction on the justice coextensive with the county. In the complaint under review in the Supreme Court, the property was described by section, range and township and it was averred to be situate "south of the

Osage river.'' The argument directed against the complaint there seemed to predicate upon the fact that it revealed on its face the land was not within Morgan county, for the reason it was ''south of the Osage river.'' In disposing of the question and determining the sufficiency of the complaint, the court looked into the evidence introduced at the trial. The court says in the opinion, ''The location of the land thus described was shown by more than one witness to be in Morgan county, and, therefore, within the jurisdiction of the justice. So that the words, 'south of the Osage river,' may be rejected altogether, and still there would be enough left whereby the property would be identified.'' Further on in the same opinion the court says:

''Great strictness and accuracy in these complaints has not been deemed essential heretofore. In Tipton v. Swayne, 4 Mo. 98, the premises were described as 'one house and one garden,' and held sufficient. So, also, in Walker v. Harper, 33 Mo. 592, it was not alleged that the property which was in the city of St. Louis, was in the ward where suit was brought, and beyond whose limits the justice had no jurisdiction; and yet the description was held well enough.''

The court concluded the complaint was sufficient to confer jurisdiction on the justice and ruled the question as though it is sufficient to identify the *locus in quo* by evidence at the trial, without a formal averment that it is within the jurisdiction. [See Silvey v. Summer, 61 Mo. 252, 256.] The case of Walker v. Harper, 33 Mo. 592-596, was a proceeding under the landlord and tenant statute for possession of a lot in the city of St. Louis, and it appears the justice of the peace had no jurisdiction with respect of such matters unless the property involved was situate within his ward. The complaint was assailed for the reason that it did not aver the premises were situate within the ward of the justice. In disposing of this matter, the court says: ''The statute prescribed what the state-

.ment shall contain, and does not require it to contain .any allegation that the premises sued for are in the ward where the suit is brought, and if the suit had been in fact brought in the wrong ward the defendant should have shown the want of jurisdiction before verdict.''

The authorities above cited are in point and are controlling here, for, in principle, they may not be distinguished from the instant case. Though it may be that the record of the case before the justice should somewhere reveal the property is situate within his jurisdiction, it is entirely clear that the fact need not be averred in the complaint. In other words, the complaint is not fatally defective for omitting to specifically aver the fact that the property involved is situate within the justice district.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.