OF THE

# SUPREME COURT OF MISSOURI,

## FOURTH JUDICIAL DISTRICT, MAY TERM, 1835.

MAY TERM
1835.

Tipton
v.
Swayne.

| 4 | 98 |
| 31a | 45 |

| 4 | 98 |
| 82a | 163 |

### WILLIAM TIPTON v. JOHN SWAYNE.

1. In forcible entry and detainer, the premises entered were described as "one house and one garden"—held a sufficient description.
2. But in such action a forcible *detainer* must be alleged in the complaint and it is not sufficient to alledge only a forcible *entry*.

APPEAL from the circuit court of Scott county.

TOMPKINS* Judge delivered the opinion of the court.

Swayne brought his action of forcible entry and detainer before two justices of the peace against Tipton, and had judgment. Tipton took the cause up to the circuit court by writ of certiorari to set aside the proceedings for irregularity. The judgment of the justices being affirmed in the circuit court, Tipton to reverse its judgment appeals to this court.

The assignment of errors is general, on looking into the transcript of the proceedings before the justices, we find in the complaint, filed in compliance with the statutory provision, this allegation: "William Tipton did &c. with force and arms enter into one house and one garden" &c. It was contended that the description of the premises was too vague. We think it is well enough. A garden in the country can be supposed to have no metes and bounds but the fence which encloses it, because it is most commonly situated within the limits of the owners tract of land.

There is however no complaint of a forcible detainer of the premises. This was suggested to the counsel of Swayne by the court, and he contended that the statement of the forcible entry was sufficient, and relied on the first section of the act, which reads thus: "That no person shall hereafter make entry into any lands, tenements

&c, but in cases where entry is given by law, and in such case not with a strong hand and with a multitude of people, but only in a peaceable and easy manner, and if any person do from henceforth to the contrary, he shall be taken and deemed to have entered with a strong hand, and shall be adjudged guilty of a forcible entry and detainer within the meaning of the act." We however presume that the true meaning of the general assembly is, that he will not in such case be guilty of the forcible entry and detainer unless he retained possession after having forcibly obtained it. Why give this action to remove the trespasser who had abandoned the possession immediately after the forcible entry? the removal of the trespasser and the restoration of the premises to the person having the right of possession are the only objects of this act. We consider then the allegation of a detention of the premises as essential, and that without such allegation there is no complaint on which the justice can act. It would be a hard case if every trespasser on his neighbours close could be subjected to an action of forcible entry and detainer, when he might afterwards be sued for the damages sustained by reason of the trespasses by him committed. We consider then the proceedings before the justices as irregular because there was no complaint of a detention of the premises. The judgment of the circuit court affirming the judgment of the justices is therefore reversed and the proceedings had before them are set aside for irregularity.

But in such action a forcible detainer must be alleged in the complaint and it is not sufficient to allege only a forcible entry.