STATE OF MISSOURI, Respondent, *v.* JOHN F. RICHARDS, Appellant.

March 18, 1884.

CRIMINAL LAW — MISDEMEANOR — FORCIBLE ENTRY AND DETAINER. — Evidence that the defendant, with a stick in his hand, stood at the foot of the stairs on the premises and told the person who had, on the day before, been put in possession of the premises that he must not go upstairs and that he would not have the tenants interfered with, does not show such taking or keeping possession of the premises by actual force or violence, nor such putting in fear with a deadly or dangerous weapon, as will warrant a conviction on a criminal information for forcible entry and detainer.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Reversed and remanded.*

BROWN & HAMM, for the appellant.

MCBRIDE & JONES, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was a criminal information for forcible entry and detainer, under section 1523 of the Revised Statutes, which reads as follows: "Every person who shall take or keep possession of any real property, by actual force or violence, without the authority of the law, or who, being armed with a deadly or dangerous weapon, shall, by violence to any person in possession, or entitled to the possession, or by putting him in fear of immediate danger to his person, obtain or keep possession of any such real property, without the authority of the law, shall, on conviction, be adjudged guilty of a misdemeanor."

The evidence shows that the prosecuting witness had been put in possession by constables under legal process; that he locked the doors of the premises, and, on returning the next morning, found a family occupying them, and the defendant Richards in the yard, apparently exercising acts of ownership over the premises; that the defendant stood in the yard at the foot of the stairs leading to the second story, on which the rooms, which were the premises detained, were situated, with a cane or stick in his hand, and when the witness attempted to ascend the stairs, told the witness that he must not go upstairs; that he, defendant, was the agent of the owner, and would not have the tenants interfered with; and, that a public officer whom the witness had taken to the place refused to arrest the defendant, and told the witness that he had better go away, which he did. His testimony was substantially corroborated by the police officer. There was no other testimony as to the means by which the defendant entered or detained the

premises, — nothing to show whether he entered by climbing through a window, or unlocking the door, or by breaking the door.   In short, there was no evidence whatever of any " actual force or violence " in effecting the entry. Clearly, the evidence of what took place between the prosecuting witness and the defendant at the foot of the stairs, on the following morning, does not show a detainer " by actual force or violence," nor does it show that the defendant, " being armed with a deadly or dangerous weapon, by violence to any person in possession, or entitled to the possession, or by putting him in fear of immediate danger to his person," kept the possession of the property.   Even if the cane or stick which the defendant had in his possession at the time could be regarded as a " deadly or dangerous weapon," of which there is no proof, it does not appear that he made any use of it, or offered or threatened to use it, or that, by means of it, he put the witness " in fear of immediate danger to his person."   In short, there is nothing in the testimony which makes out a case within the meaning of the statute, which was intended to prevent breaches of the peace by punishing persons who, by actual violence, or by threats of immediate violence, accompanied by the display of a deadly or dangerous weapon, should dispossess those in actual occupation of real property.

The judgment is accordingly reversed, and the cause remanded.   All the judges concur.