R. J. McKINNEY *et al.*, Respondents, v. JOHN W.
HARRAL, Appellant.

St. Louis Court of Appeals, May 8, 1888.

FORCIBLE ENTRY AND DETAINER — DESCRIPTION — JURISDICTION.— A
petition in forcible entry and detainer which fails to show that
the land claimed is in the county where the suit is brought, or in
the state of Missouri, is fatally defective, and the omission cannot
be cured by evidence at the trial. The justice had no jurisdiction
of the cause, and the circuit court acquired none upon *certiorari*.

APPEAL from the Iron Circuit Court, HON. JOHN L.
THOMAS, Judge.

*Reversed and remanded.*

B. Zwart, for the appellant: The justice of the peace did not obtain jurisdiction of the cause, as it does not appear from the complaint, or from any other part of the record, that the land lies in Iron county, or even in the state of Missouri. The complaint is fatally defective   Rev. Stat., sec. 2422; *McQuoid v. Lamb,* 19 Mo. App. 153; *Hansberger v. Railroad,* 43 Mo. 196; *Iba v. Railroad,* 45 Mo. 470; *Haggard v. Railroad,* 63 Mo. 303; *Rohland v. Railroad,* 89 Mo. 180, 183; *Gideon v. Hughes,* 21 Mo. App. 528. The defect was not supplied by reference in the complaint to Wm. J. Reid, Jr., survey number 2173, for it is not a congressional subdivision of land, but a mere private survey and not legal evidence in any court in this state. The statute authorizing the summary proceeding of forcible entry and detainer, requires the complaint to be in writing, and that it "must specify" the land. Rev. Stat., sec. 2423; *Lamme v. Buse,* 70 Mo. 463, 465. Nothing can be presumed in favor of the jurisdiction of inferior courts. Rev. Stat., secs. 5236, 5276; Campbell's Atlas Mo., Maps 31 and 27. Jurisdiction of a justice's court will not be presumed on appeal or *certiorari,* where the transcript fails to show jurisdictional facts. Nothing is presumed which does not appear on the record. *McQuoid v. Lamb,* 19 Mo. App. 153; *Gideon v. Hughes,* 21 Mo. App. 528. *Certiorari* performs no other office than to remove the case pending before the justice to the circuit court; and as the justice had no jurisdiction of the case, the circuit court did not obtain jurisdiction of the case, and the whole proceedings are void. *McQuoid v. Lamb,* 19 Mo. App. 155, 156; *Railroad v. State Board,* 64 Mo. 308; *Robinson v. Walker,* 45 Mo. 120. As the jurisdiction does not appear from the complaint, or from the return, or the transcript, or any part of the record, the objection of want of jurisdiction may be raised for the first time, in the Supreme Court. *Barnett v. Railroad,* 63 Mo. 57, 65; *Abernathy v. Moore,* 83 Mo. 63, 69; *Shell v. Leland,* 45 Mo. 290, 294.

DINNING & BYRNS, for the respondent: Forcible entry and detainer in no way affects the title to the premises in dispute. *Beeler v. Cordwell*, 29 Mo. 72; *Krevet v. Meyer*, 24 Mo. 107; *Harvie v. Turner*, 46 Mo. 444. The complaint in this case does specify the land in controversy, and locates it in Iron county, Missouri. *Silvey v. Summer*, 61 Mo. 253; *Tipton v. Swain*, 47 Mo. 98; *Walker v. Harper*, 33 Mo. 592; *Kennedy v. Pruitt*, 24 Mo. App. 414. It is not necessary that the complaint should in terms aver that the land is situated in Iron county, Missouri. It is sufficient to prove that fact on the trial. The proof in this case showed that the land in question was situated in Iron county, Missouri. The description in the complaint locates the land in question in the north part of the Wm. Reed, Jr., survey number 3173, in township thirty-five, north of range three, east. If the description here did not locate the land in the Wm. Reed, Jr., survey, this court would take judicial notice that the land in question was either in Iron or Washington counties, as township thirty-five, range three, east, is divided by the boundary line between said counties. Rev. Stat., 1879, secs. 5236, 5276; *Long v. Waggoner*, 47 Mo. 178. The description locating this land as a part of the Wm. Reed, Jr., survey, as aforesaid, authorized the plaintiff, in order to maintain his complaint, to prove that the Wm. Reed, Jr., survey was located in the county of Iron, in the state of Missouri, which proof was made at the trial. *Silvey v. Summer*, supra; *Kennedy v. Prewitt*, supra. The Wm. Reed, Jr., survey, number 3173, is a United States public survey, and the court will take judicial notice that it is located in Iron county, Missouri. The appellant refusing to appear at the trial and after judgment appealing this case, bringing up alone the record at the common law, can gain no advantage thereby.

PEERS, J., delivered the opinion of the court.

This is an action under the statute (Rev. Stat., sec.

2419) of forcible entry and detainer, commenced before a justice of the peace of Iron county, and transferred to the circuit court of said county by a writ of *certiorari*, pursuant to the provisions of section ¸2459, Revised Statutes.

On trial in the circuit court the defendant made default, and the plaintiffs had judgment for the possession of the land in controversy and thirteen dollars damages, the monthly rents being fixed at twenty-five cents, from which judgment the defendant appeals to this court.

The record before us contains no bill of exceptions, and fails to show whether any such bill was tendered to, or signed by, the trial court.

The petition described the land as "part of the north part of Wm. Reed, Jr., survey number 3173, township thirty-five, north of range three, east, beginning in the channel of Huit's Creek, on the northern boundary of said survey number 3173, thence west," etc., describing the land minutely and particularly by metes and bounds. It is not alleged in the petition that the land is in Iron county, or in the state of Missouri, and the defendant contends that such omission is fatal to the proceedings; that the petition failing to state that the land was in "Iron county, Missouri" (in addition to the description contained in the petition), is such a defect as went to the jurisdiction of the justice before whom the case originated, and that the jurisdictional question can be raised here for the first time.

The whole matter before us hinges on the proposition whether in these proceedings it is necessary, as a jurisdictional fact, that the county and state where the land is situated must be averred, or whether "survey number 3173, township thirty-five, range three, east" is a sufficient description to not only confer jurisdiction, but also upon which to base a judgment and by which the land could be identified.

Plaintiffs insist that great strictness and accuracy

in this character of complaints has not heretofore been required, and cite *Tipton v. Swayne*, 4 Mo. 98, where the premises were described as "one house and one garden"; also to *Walker v. Harper*, 33 Mo. 592; *Kennedy v. Pruitt*, 24 Mo. App. 414; and *Silver v. Summer*, 61 Mo. 213. After a careful examination of these cases we are satisfied that they do not apply to the question raised here. In the case at bar no congressional subdivision of land is described, neither county nor state named in the complaint, nor does the jurisdiction appear from the return on the transcript or any part of the record, reference only being made to the survey, township, and range.

Chapter thirty-three, Revised Statutes, on which this proceeding is founded, vests exclusive jurisdiction in the justices of the peace of the county in which the detainer is committed, and prescribes that the land must be "specified" in a written complaint, verified by affidavit, etc. The complaint in this case does not "specify" the land as lying in Iron county within the jurisdiction of the justice; it does not even appear to be in the state of Missouri, and there is no averment by which it can be implied that the forcible entry was committed within the jurisdiction of the justice of Iron county. It is said to be a part of a survey, but whether that survey is in Iron or Washington county does not appear. The complaint does say that the survey is in township thirty-five, north of range three, east, but this does not aid us; for, on examination of the boundary lines of Washington county (Rev. Stat., sec. 5276) we find that within Washington county lies the greater part of land in township thirty-five, range three, east.

We cannot assume that the survey is in Iron county, for in looking up the boundary lines of Iron county (Rev. Stat., sec. 5236) we find no mention therein made of any such survey constituting any part of that county. We are of the opinion that the complaint is defective in not alleging the necessary jurisdictional

facts. Complaints of this character should aver in explicit terms the *locus in quo* of the premises in order to show affirmatively that the lands are in the county where the complaint is brought, and unless this does appear the justice has no jurisdiction, and the circuit court can acquire none by *certiorari*, for this writ performs no other office than to remove the case pending before the justice to the circuit court. As the justice had no jurisdiction in the case, the circuit court did not obtain jurisdiction, and the whole proceeding is void. *McQuoid v. Lamb*, 19 Mo. App. 155, 156 ; *Han. & St. J. R. R. Co. v. St. Board*, 64 Mo. 308. Plaintiff urges upon us, that the defect in the complaint was cured by the evidence introduced in the court below. As we have not the evidence before us, we are not at liberty to determine that question. We are unable to see, however, how the jurisdictional defect in the complaint could be cured by evidence in the circuit court. If the justice had no jurisdiction the circuit court acquired none by the transfer. If this had been an original proceeding in the circuit court, and the testimony was preserved in a bill of exceptions, the position might be a correct one, but as the circuit court in this class of cases has no original jurisdiction it could acquire none by removal provided the justice before whom the suit was brought had none, and *evidence* could not supply the defect.

We may with propriety question the practice of refusing to appear at the trial of a cause, and quietly standing by let judgment go by default, then appealing and bringing up the record alone on purely technical grounds, as not the best means of subserving the ends of justice, especially in matters where so little is involved as in the case before us, and where the judgment on the merits seems to be for the right party.

But, while the jurisdictional fact is not, and cannot be, cured by evidence, yet we see no good reason why under the statute (Rev. Stat., sec. 3060) and the ruling

in *Mitchell v. Railroad*, 82 Mo. 106; and *Vaughn v. Railroad*, 17 Mo. App. 4, 8, the jurisdictional defect here complained of may not be supplied by amendment in the circuit court.

To the end that such amendment may be made, the judgment will be reversed and the cause remanded. All concur.