RICHARD DAWSON, Plaintiff in Error, v. N. F. COFFEY
et al., Defendants in Error.

Kansas City Court of Appeals, February 8, 1892.

1. **Landlord and Tenant**: LIEN ON CROP: NOTICE: INNOCENT PUR-
CHASER.   A purchaser, who within the limitation of the landlord's
lien buys of the tenant the crop known to have been grown on the
landlord's premises, has substantial knowledge of the lien and is put
upon inquiry and charged with knowledge of the true status of the
rent and lien.   As to who is innocent purchaser, *quœre.*

2. ———: ———: PURCHASER'S PERIL.   Whether the lien has been
discharged or waived the purchaser must ascertain at his peril.

*Appeal from the Carroll Circuit Court.*—HON. J. M.
DAVIS, Judge.

REVERSED AND REMANDED.

*Deatherage & Young,* for plaintiff in error.

The assignee of the crop grown on the demised
premises is accountable to the landlord for the value of
such crop to the extent of the landlord's lien, if the
crop be consumed by him, and the assignment made to
him be a voluntary assignment.   *Knox v. Hunt,* 18 Mo.
243; *Saunders v. Ohlhausen,* 51 Mo. 163; *Hulett v.
Stockwell,* 27 Mo. App. 334.

*Hale & Son,* for defendants in error.

(1) It is clear in this case, from the evidence,
that this assignment or sale of the wheat was not
voluntary — that is, without consideration, which we
presume is the meaning of the supreme court when
they speak of voluntary assignments.  (2) The only

remaining point is, whether defendants in error purchased the wheat with a knowledge of the existence of the lien. This was a question of fact to be determined by the court sitting as a jury. The court found for defendants on this issue, and this court will not review the weight of the testimony. Coffey testifies that he had no knowledge of the existence of any lien thereon, and his evidence is uncontradiced on that point.

ELLISON, J.—Plaintiff rented his farm for money rent to one Garnaud. The latter raised a crop of wheat which he harvested and within the eight months' limitation of a landlord's lien he sold it to defendants. The defendants knew the wheat was raised on plaintiff's farm and that Garnaud was his tenant, but had no knowledge that the rent was unpaid. This action was brought against defendants for the value of the wheat so purchased by them, which was less than the rent due plaintiff. Defendants had judgment below.

A perusal of the record and evidence preserved in this case satisfies us that the trial court disposed of the case on an erroneous theory. It is decided in *Knox v. Hunt*, 18 Mo. 243, and again in *Saunders v. Ohlhausen*, 51 Mo. 163, that if the tenant sells the product against which the lien exists and it be consumed, the purchaser can be held accountable if he purchased with a knowledge of the existence of the lien. Now in this case the evidence does not show that defendants had direct or specific notice or knowledge of the existence of the lien. But it does show that defendants knew the wheat was grown on plaintiff's farm and that their vendor was his tenant. This, we think, was substantially knowledge of the existence of a landlord's lien in cases where the sale is made within the period of such lien. It was sufficient to put him on inquiry, and this is good notice of whatever the inquiry would have disclosed as to the true status of the rent or the

landlord's lien. *Watt v. Schofield*, 76 Ill. 261. This renders it unnecessary for us to decide what would have been the result if defendants had been *bona fide* purchasers without notice,—a question decided in various ways. *Finny v. Harding*, Supreme Court of Ill., March 30, 1891.

II. The lien may have been discharged by payment or otherwise, or it may have been waived by the landlord by acts in the nature of estoppel (*Griffith v. Gillum*, 31 Mo. App. 41); but this the purchaser must ascertain at his peril.

We believe the view taken in this opinion to be the reasonable and just rule with reference to landlord's lien. It insures safety to the landlord who, not being in possession or control of the crop, would otherwise be, in many respects, at the mercy of the tenant. The judgment is reversed and cause remanded.　　All concur.