STATE OF MISSOURI, Respondent, v. JOHN R. VANSICKLE, Appellant.

St. Louis Court of Appeals, April 17, 1894.

1. **Criminal Law:** FORCIBLE ENTRY: DESCRIPTION OF PREMISES IN INFORMATION. An information for a forcible entry described the premises as about eight acres of the west half of the northeast fourth of a designated quarter section. The evidence showed that these eight acres were separated by a draw from the other twelve acres of said subdivision of the quarter section. *Held*, that the description was sufficient.

2. ———: ———: SUFFICIENCY OF EVIDENCE. The evidence is considered, and *held* sufficient to establish a criminal forcible entry contrary to section 3779 of the Revised Statutes.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

.AFFIRMED.

*C. R. Fowler* and *O. D. Jones* for appellant.

(1) In a criminal prosecution for forcible entry and detainer, the indictment must describe the premises with legal certainty. 8 Am. & Eng. Ency. of Law, p. 148; *Ball v. State*, 26 Ind. 155; *State v. Walker*, 2 Brev. 255; *McNair v. Rampublican*, 4 Yeates, 326; *State v. Butler*, 1 Tayl. 262. It must describe the premises with such certainty as to apprise the defendant what is demanded, and afford a guide to the sheriff in executing the writ of restitution. *Murphey v. Ducas*, 2 Ohio, 255; *Teat v. Bent*, 51 Me. 478; *Klingensmith v. Faulkner*, 84 Ind. 331; *Board v. Crawford*, 14 W. Va. 790; *Owne v. King*, 60 Ga. 523; *Bell v. Pierce*, 11 Ill. 92; *Schauntofel v. Bleur*, 77 Ill. 567; *Gorman v. Steed*, 1 W. Va. 1. These cases show the information is fatally

defective. (2) The court ought to have directed an acquittal of defendant at the close of the state's evidence in chief.

No brief filed for respondent.

ROMBAUER, P. J.—This is an action of criminal forcible entry, brought under section 3779 of the Revised Statutes of 1889. The defendant was found guilty both before the justice and on appeal in the circuit court; and he now assigns for error that the information is insufficient, that there was no substantial evidence warranting his conviction, and that the court's instructions to the jury are erroneous.

The information is as follows:

"State of Missouri,  } Before M. B. Crawford, justice
        v.            } of the peace for Lyon town-
"John R. Vansickle. } ship, Knox county, Missouri.

"Now at this day comes Charles D. Stewart, prosecuting attorney within and for Knox county and state of Missouri, and upon the affidavit of Adam Gonnermann, filed with M. B. Crawford, a justice of the peace for Knox county, and state of Missouri, informs the court and charges that on the twenty-seventh day of April, A. D. 1893, at the county of Knox and state of Missouri, Adam Gonnermann, the affiant, was in lawful possession of the following real property, to wit: About eight acres of meadow land, being in the west half of the northeast fourth of the northeast quarter of section 15, township 61, range 13, Knox county, Missouri, one John R. Vansickle being then and there armed with a part of a fence rail, a dangerous and deadly weapon, and by putting him, the said Adam Gonnermann, in fear of immediate danger to his person, did unlawfully obtain and keep the possession of said real property aforesaid without the authority of law,

and the said Adam Gonnermann from and out of the possession thereof doth still keep, he, the said Adam Gonnermann, being entitled to the possession of the same, against the peace and dignity of the state.

"CHARLES D. STEWART,

"Prosecuting Attorney."

The objection made to the information is that it fails to describe the land with sufficient certainty, and that it charges several distinct offenses mentioned in section 3779 in one count. The land is described in the information as about eight acres in the west half of the northeast fourth of the northeast quarter of a specified section. It will be thus seen that the fractional subdivision in which these eight acres are situated consists only of twenty acres, and as the evidence shows that the boundary line between the eight and twelve acres consisted of a draw, the eight acres lying on one side of the draw and the twelve acres on the other, we can not see how the defendant was not sufficiently informed of the exact location of the premises, which it is claimed he entered forcibly. *Ish v. Chilton*, 26 Mo. 257. There is a limit to technical objections even in the criminal law. The information charges but one offense. *State v. Clawson*, 30 Mo. App. 139.

There was substantial evidence on part of the state tending to show that the premises in controversy had been rented by the prosecuting witness to the defendant the year preceding the forcible entry, but that for that year they had been withheld and fenced off by the prosecuting witness for his own uses. The prosecuting witness resided on a farm of which these eight acres formed a part. He was, therefore, not only in the constructive but also in the actual possession of these eight acres, when the alleged forcible entry by the defendant took place. The evidence on part of the state tended to show that on the day in question the

defendant entered upon the land, without the consent of the prosecuting witness, with his teams and with the intention of plowing it; that the defendant had a stick in his hands three inches in diameter, and about four feet long, and that when requested to leave the land he told the prosecuting witness: "You get out of here; I'll knock you down." This evidence, if believed by the jury, was sufficient to constitute the statutory offense. The facts which distinguish this case from *State v. Richards*, 15 Mo. App. 331, are that here actual force and violence in detaining the premises was shown which showing was wholly wanting in the *Richards case*.

The instructions given by the court stated the law correctly. On part of the state, the court instructed the jury in substance that, if they found that the prosecuting witness was in possession of the land, and the defendant entered thereon and kept him out of possession by putting him in fear of immediate danger to his person, they should find the defendant guilty. The objection made to the fifth instruction given on part of the state, that it submitted to the jury the bad faith of defendant's entry, is untenable. The defendant himself asked an instruction requesting the court to submit to the jury the good faith of his entry. This instruction, and two additional instructions given on part of defendant, gave him the benefit of all the law to which he was entitled. All the judges concurring, the judgment is affirmed.