M. H. WHITE, Appellant, v. CLARENCE NYE, Respondent.

Kansas City Court of Appeals, January 20, 1896.

1. **Landlord and Tenant**: ATTACHMENT FOR RENT: ABANDONMENT: DISMISSAL OF SUIT. Where the landlord's attachment for rent is abandoned and the rent is not due at the commencement of the action, the suit should be dismissed. And the fact that the landlord seeks to establish a lien, does not alter the rule.

2. ———: ———: ———: LANDLORD'S CONSENT. Where the landlord consents that the tenant may sell a part of the crop, he can not maintain an attachment for such selling.

3. ———: ———: CONTRACT FOR SEED. Where a tenant contracted with the vendor of whom he bought seed to sell him the crop grown from such seed, his attempt to comply with such contract will warrant an attachment if such compliance would endanger collection of the rent.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Thurman & Wray* for appellant.

(1) The court erred in giving instruction number 3 for respondent which told the jury that if the appellant consented to a sale of part of the crop grown on the demised premises, such sale would not warrant the

attachment. 1 Herman on Estoppel, sec. 7; *Bales v. Perry*, 51 Mo. 449; *Acton v. Dooley*, 74 Mo. 63; *Monks v. Belden*, 80 Mo. 642, and cases cited. The defense of estoppel is new matter, and must be pleaded, and the court committed error in submitting such an issue to the jury by the third instruction given at the instance of the respondent. *Bray v. Marshall*, 75 Mo. 327; *Noble v. Blount*, 77 Mo. 242; *Stones v. Richmond*, 21 Mo. App. 21. (2) There was no evidence upon which to base a finding for respondent and the court ought to have set aside the verdict. R. S. 1889, sec. 6384. When the testimony is clear and conclusive, an instruction may assume the truth of the facts sworn to. *Rice v. McFarland*, 41 Mo. App. 496, and cases cited. (3) A landlord may maintain an action against his tenant to establish the lien given by statute before the rent is due. R. S. 1889, sec. 6376; *Toney v. Goodley*, 57 Mo. App. 247; *Hulett v. Stockwell*, 27 Mo. App. 328; *Price v. Roetzell*, 56 Mo. 500; *Sheble v. Curdt*, 56 Mo. 437. And the remedies by attachment and injunction are simply in aid of such right. *Lis pendens* would accomplish the same purpose as that of injunction. *Dodd v. Lee*, 57 Mo. App. 167.

*Cole & Burnett* for respondent.

(1) Defendant's plea in abatement raised all the issues to be tried in the attachment suit. And instruction number 3 properly declared the law. 2 Herman on Estoppel and Res Adjudicata, sec. 776; *Angell v. Johnson*, 51 Iowa, 625; *Masterson v. Railroad*, 72 Mo. 342; *The Planet, etc. v. Railroad*, 115 Mo. 615; Bigelow on Estoppel [4 Ed.], p. 633, subdiv. "7." (2) An action brought for rent before the rent is due is premature, and should be dismissed. *Duryee v. Turner*, 20

Mo. App. 34. When jurisdiction attaches by attachment, it is lost when the finding on the plea in abatement shows that no ground for attachment existed at the time the writ issued. *Grier v. Fox*, 4 Mo. App. 523; *Perry v. Harper*, 42 Mo. 131; *C. Aultman & Co. v. Daggs*, 50 Mo. App. 288. Bigelow on Estoppel [4 Ed.], p. 662. (3. The court did not err in telling the jury that if they found the fact to be that defendant consented to the sale of the hay, then such sale would not support the attachment. R. S. 1889, sec. 2188; R. S. 1889, sec. 6385; R. S. 1889, sec. 561; *Strong v. Ins. Co.*, 62 Maine, 295; *Lemon v. Chanslor*, 68 Mo. 353; *Gleason v. Knapp*, 22 N. W. Rep. 865; *Railroad v. Levy*, 17 Mo. App. 509, 510; *Hardwick v. Cox*, 50 Mo. App. 514; *McDonald & Co. v. Cash & Hainds*, 45 Mo. App. 80; *Stewart v. Goodrich*, 9 Mo. App. 125; R. S. 1889, sec. 2100; *Mauerman v. Siemerts*, 71 Mo. 101; *State v. Hopper*, 71 Mo. 425; *Noble v. Blount*, 77 Mo. 239.

ELLISON, J.—Plaintiff is the grantee of the defendant's original landlord, and as such became entitled to the rents due from defendant. He instituted this action by attachment for the rent not then due. He was defeated on trial of plea in abatement and thereupon the court dismissed his case on the merits.

It appears that defendant was to pay plaintiff's grantor $115 (divided into two notes, one for $25 and the other for $90), for the rent of eighty acres of farm land, and that after plaintiff became the owner of the land he instituted this action and sued out an attachment, on the ground that the defendant had disposed of the crop so as to endanger, hinder, and delay the collection of the rent and that the defendant had attempted to dispose of the crop so as to endanger, hinder, and delay the collection of said rent.

The plaintiff claims error on the part of the trial court for having dismissed his petition upon the finding against him on the plea in abatement. Ordinarily, where there is an action for a demand not due at the commencement of the action, and which is only permitted to be prosecuted by reason of some ground of attachment existing and upon which an attachment is issued, the action necessarily fails, if the attachment is abated. We do not understand plaintiff to deny this; but he insists that his petition, aside and apart from the attachment papers, seeks to establish his landlord's lien against the crop and for the enforcement thereof; and that an action for that purpose may be instituted before the rent is due. The petition does seek to have plaintiff's lien declared; it also seeks to have it enforced by a judgment and execution. We are of the opinion that, disconnected from the attachment proceedings, it is such an action as can not be maintained before the rent is due. If there was danger of losing the rent by destruction or removal of the crops, and an injunction was asked, a different question would have been presented. We hold, then, that on the dissolution of the attachment, it was proper to dismiss the action as it is stated in the petition.

On the trial of the plea in abatement, it was shown that there were grown on the premises, hay, corn, and flax. Defendant removed and disposed of the hay, but the testimony of the plaintiff himself was such as tended strongly to show that he did so with plaintiff's consent. Plaintiff testified that he cut the hay for defendant and that it was baled with his knowledge and that he assisted defendant in loading it onto his wagon, to be hauled off and disposed of. Under that state of case, the court was abundantly justified in instructing the jury that notwithstanding the defendant may have sold and disposed of the hay, yet if the

sale was consented to by plaintiff, such sale would not support an attachment. The instruction stated the law correctly. The ground of attachment, so far as the hay was concerned, was that it had been disposed of and that it endangered or hindered the collection of the rent; but it is quite apparent that if the landlord consents to the disposal, he can not then make it a ground of attachment. It would be altogether unreasonable to hold that a landlord might say to his tenant: "I give you my consent that you may sell and dispose of the crop," and then immediately make such disposal a ground of attachment. There is not, necessarily, any question of a waiver of lien in it. The whole matter relates to the right to attach. To allow an attachment on account of doing a thing which the attachor consented should be done, would be a breach of faith, wholly unfair in its results. In presuming that, ordinarily, men do right and not wrong, we may assume that a tenant would not undertake to make such disposition of his crop as would render himself amenable to the attachment law. If the landlord consents thereto, and in consequence thereof the tenant disposes of the crop, he has altered his position—he has done what he would not have done but for the consent. Shall his property be seized and himself be mulcted in costs for doing that which he had permission to do? It may be said there was no consent. It is true the evidence does not show consent, directly expressed in words, but it shows such a state of facts as to fully justify a jury in finding there was consent. This may often be found as certainly in the absence of express words to that effect as with their presence.

If, therefore, the hay was sold with the consent of the plaintiff, that portion of the crop should not be considered in passing on the question of whether there was a disposal, or attempted disposal, of the crop, so as

to endanger, hinder, or delay the collection of the rent. The case is narrowed to a consideration of the corn and flax, on which the full amount of rent was a lien, just as though no hay had been grown on the rented premises. The parties, one by selling and appropriating proceeds, and the other by consenting to the sale, have eliminated the hay from further consideration.

The principal matter left for consideration bears upon that part of the case relating to the flax and its effect on the rights of the parties. The defendant testified that he obtained the seed of the flax from one McCormick, and that he entered into a contract with him whereby he obligated himself to sell to him the flax which should be grown from such seed. That he was intending to sell it to McCormick and was getting it threshed for that purpose. In our opinion this was an attempted disposal of the crop, within the meaning of the statute, and that it justified the attachment, if such attempted disposal would have endangered, hindered, or delayed the collection of the rent. The lien given by the statute was for the protection of the landlord and operates as well to the benefit of the tenant in that it enables him to readily secure lands without having to provide security for the rent. The statute provides that this lien can not be jeopardized by a disposal of the crop or any part thereof, in amount sufficient to endanger or hinder or delay the collection of the rent, and that any attempt to so dispose of it will justify an attachment. It is evident, on a moment's reflection, that a disposal of the crop in consequence of a contract made prior to its maturity, and without the landlord's consent, is just as much against the interest of the landlord as a disposal on a contract made at the time.

It is clear from the evidence that a disposal of the flax would have endangered the collection of the rent,

for there was nothing left but the corn, and that clearly appeared to be insufficient in value to secure the amount due to plaintiff—conceding that there was no attempt made to sell it before the attachment. We are, therefore, led to the conclusion that the verdict should have been set aside on the case as made in the trial court.

Since the case must be retried, it is well to suggest that there appears some evidence which looks as though there may have been consent on plaintiff's part, to the attempted disposal of the flax. It seems that he took from defendant an order on McCormick for $25, the amount of the first installment of rent; that he presented it and McCormick refused to accept, but said he would present it to defendant; that afterward plaintiff returned the order to defendant. Whether the evidence has been imperfectly preserved, or whether it may more fully develop on another trial, we can not say. But the mere facts here set forth would not amount to consent.

So as to avoid a tendency to confusion, it would be well to present to the jury, in separate instructions, the question whether plaintiff consented to the sale of the hay and whether he consented to the attempted disposal of the flax.

The judgment will be reversed and the cause remanded. All concur.