JACOB L. WHITE, Respondent, v. A. K. McALLISTER COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1896.

1. **Landlord and Tenant:** LIEN FOR RENT: PURCHASER. A person receiving wheat of the tenant, knowing it to have been grown on the leased premises and the rent to be unpaid, is liable to the landlord for its value up to the amount of the rent.

2. **Instructions:** PLEADINGS. An instruction, though a correct proposition of law, should not be given unless justified by the pleadings.

3. **Landlord and Tenant:** WAIVER OF LIEN. If a landlord authorizes the tenant to sell the crop intending to waive his lien, and the tenant does so, the lien is gone, notwithstanding the purchaser may not have acted on a knowledge of the waiver.

*Appeal from the Osage Circuit Court.*—HON. RUDOLPH HIRZEL, Special Judge.

REVERSED AND REMANDED.

*J. W. Zevely* and *Silver & Brown* for appellants.

(1) The plaintiff having consented to the shipment and sale of the wheat by defendants, thereby

waived his landlord's lien, and in the absence of an express promise or agreement to that effect, had no claims on the proceeds of its sale. Consent to the sale constitutes a waiver of the lien, and such waiver need not be founded on a valuable consideration. *Griffith v. Gillum*, 31 Mo. App. 34. (2) The lien is the creation of the statute, is in derogation of the common law, and should not be extended by implication or construction. *State v. Clinton*, 67 Mo. 380. (3) The first and second counts charged an agreement to pay over the proceeds of the wheat to plaintiff and this agreement was negatived by the verdict of the jury, which was for defendants on said counts. The third count charged no agreement, express or implied. The instruction of the court is an extension of the pleading as contained in the third count. (4) The court also erred in refusing to give instruction number 3 of the defendants' refused instructions.

*Ryors & Vosholl* for respondent.

(1) We submit the case was properly submitted to the jury under proper instructions. 28 Am. and Eng. Encyclopedia, 531; *Ripley v. Ins. Co.*, 30 N. Y. 164. (2) Did defendants convert this wheat with knowledge of the rights of plaintiff and the existence of his lien? 48 Mo. App. 109. (3) The verdict was for the right party and should stand.

ELLISON, J.—This action is brought against defendants on account of rent due to plaintiff as landlord from Harrison, his tenant. The petition was in three counts. The first charged that defendants received the wheat from the tenant agreeing with him, with plaintiff's consent, that they would sell it, and pay enough of the proceeds over to plaintiff to satisfy his landlord's lien.

The second count charges that defendants agreed with the tenant to ship the wheat and pay the rent money to plaintiff out of the proceeds, differing from the first count in not connecting plaintiff with the agreement.

The third count charged that defendants shipped the wheat at the request of the tenant and paid the full proceeds over to the tenant without plaintiff's consent, knowing at the time that the wheat was grown on plaintiff's premises that year, and that the rent was due and unpaid.

The verdict of the jury was for defendants on the first and second count, and for plaintiff on the third, thereby taking out of the case all question as to agreements made by defendants and leaving the case to stand on the question presented by the third count in connection with the question of waiver of the lien as contended by defendants. If there was no waiver of the lien and defendants received the wheat of the tenant knowing that he grew it that year on plaintiff's land, then under our decision in case of *Dawson v. Coffey*, 48 Mo. App. 109, they would be liable for the value, up to the amount of the rent. Such state of case would be sustained by the third count upon which the cause now rests. But the court gave an instruction of its own motion over the protest of defendants in which the jury were, in substance, told that if plaintiff claimed the proceeds of the sale of the wheat, it made no difference if he did consent that it might be turned over to defendants by the tenant for sale or shipment. Whether this would be a correct proposition of law need not be considered since the third count does not state a right to recover on the case put in the instruction. In other words, the instruction is not justified by the pleading.

It was likewise error to give the fifth instruction for plaintiff. It is there stated that the waiver was not binding in favor of these defendants, unless they were misled or induced to alter their position with regard to the proceeds of the wheat. There may be a waiver of a landlord's lien notwithstanding the purchaser of the crop may not have been induced to purchase it by a knowledge of the waiver. If a landlord authorizes his tenant to sell the crop upon which he has a lien, intending to waive or abandon his lien, and the tenant does so, the lien is gone, notwithstanding the purchaser may not have acted on a knowledge of the waiver. This was discussed in *Fulkerson v. Lynn*, 64 Mo. App. 649. See, also, *White v. Nye*, 64 Mo. App. 539.

The judgment will be reversed and the cause remanded. All concur.