JOHN P. NAYLOR, Respondent, v. E. H. CHINN, Appellant.

### Kansas City Court of Appeals, December 4, 1899.

1. **Forcible Entry and Detainer: DESCRIPTION.** A description in an action of forcible entry and detainer by which the premises can be accurately located, is sufficient, and great strictness and accuracy are not essential.

2. ———: COMPLAINT: VERIFICATION: WAIVER. The verification of a complaint in an action of forcible entry and detainer is held sufficient; beside, any defect was waived by a failure to object in the trial court.

3. ———: EVIDENCE: BOUNDARIES OF LAND: DEED. What are the boundaries of land conveyed by a deed, is a question of law; where are the boundaries, is a question of fact; and in an action of forcible entry and detainer it is not common error to refuse the admission of a deed that has nothing to do with the land in dispute.

4. ———: INSTRUCTIONS. Instructions, though unnecessarily numerous and lengthy, fairly submit the case to the jury.

5. ———: JURY: MOTION IN ARREST. The motion in arrest is necessary to raise the question that a jury consisted of six instead of twelve men where the appellant takes no exception during a trial.

6. ———: JUDGMENT: DESCRIPTION. A judgment in forcible entry and detainer should describe the land.

Appeal from the Howard Circuit Court.—*Hon. J. A. Hockaday,* Judge.

AFFIRMED AND REMANDED (*with directions*).

Naylor v. Chinn.

*J. W. Jamison* and *W. M. Williams* for appellant.

(1) The description of the premises contained in the complaint is too indefinite and uncertain. The complaint must describe the land with sufficient definiteness to enable an officer, charged with the execution of a writ of restitution, to find the property. Livingston Co. v. Morris, 71 Mo. 603; Benne v. Miller, 50 S. W. Rep. 829; Thiemann v. Meier, 25 Mo. App. 306; Elliott v. Abell, 39 Mo. App. 346. (2) The statute requires the complaint to be verified by the plaintiff, or his agent or attorney. 2 R. S. 1889, p. 1241, sec. 5092; A complaint not verified is void and gives the justice no jurisdiction. Fletcher v. Keyte, 66 Mo. 285. (3) The court committed error in permitting the plaintiff to testify that the deed embraced the land in dispute. St. Louis v. Meyer, 13 Mo. App. 367; s. c., 87 Mo. 276. (4) The judgment is clearly erroneous. It describes no land whatever. It does not even refer to that attempted to be set forth in the complaint. The writ of restitution must follow the judgment, and, in this case, the officer would have nothing whatever to guide him. Benne v. Miller, 50 S. W. Rep. 829; Thiemann v. Meier, 25 Mo. App. 306; Livingston Co. v. Morris, 71 Mo. 603. (5) It further appears that the case was tried by a jury of six. There is nothing in the record to show that this was done by the consent of the parties, as is required by the statute. Cox v. Moss, 53 Mo. 432.

*Major & Pritchett* for respondent.

(1) The description is definite and certain, as certain as it could well be made and certain and definite enough to enable it to be located. Great strictness and accuracy of description are not essential in complaints in forcible entry and detainer cases as a class. Silvey v. Summer, 61 Mo. 253; Walker v. Harper, 33 Mo. 592; Tipton v. Swayne, 4 Mo. 98;

McKinney v. Harral, 31 Mo. App. 41; State v. Vansickle, 57 Mo. App. 611. If there was any uncertainty it was certainly cured by the evidence. McPike v. Allman, 53 Mo. 551; State v. Vansickle, 57 Mo. App. 611. (2) The verification of the affidavit is certainly sufficient. Wiltshire v. Triplett, 71 Mo. App. 332; Dean v. Trax, 67 Mo. App. 517. (3) No error was committed by the court in allowing the plaintiff to testify that the deed mentioned in appellant's third assignment of error embraced the land in dispute. St. Louis v. Meyer, 13 Mo. App. 367; Mulherin v. Simpson, 124 Mo. 610. (4) The judgment is sufficient. (5) The last assignment of error comes too late. Vaughn v. Scade, 30 Mo. 600; Brown v. Railroad, 37 Mo. 298; Scott v. Russell, 39 Mo. 407; Brown v. Railroad, 69 Mo. App. 421; Cox v. Moss, 53 Mo. 432.

GILL, J.—This is an action of forcible entry and detainer, the purpose of which is to recover the possession of certain low land or accretion on the Missouri river. The case originated in a justice's court, was taken by appeal to the circuit court, where, on a trial by jury, plaintiff recovered, and defendant appealed.

I. It is first objected that the description of the land contained in the complaint is too indefinite and uncertain. We think there is no merit in this objection. The property sought to be recovered is unsurveyed land formed first into an island on the river and thence growing out to the main land. It was thus described with reference to other adjoining property referred to by well known descriptions: "A tract of land lying southeast of the original Naylor Island, south of the land conveyed by John W. White to E. H. Chinn, and being the same tract or piece of land conveyed by John Payton and May White to John P. Naylor, containing twenty-five acres more or less, all in Howard county, Missouri." This was about as complete and definite a description as was possible under the circumstances, and the proof shows that it could be

accurately located by such description. This is all that was necessary. "Great strictness and accuracy in these complaints has not been deemed essential." Silvey v. Summer, 61 Mo. 253; Tipton v. Swayne, 4 Mo. 98; State v. Vansickle, 57 Mo. App. 611.

II. It is next objected that the verification affixed to the complaint is not what the statute requires. The complaint was signed, "John P. Naylor, by B. White, his agent and attorney." And then follows: "Subscribed and sworn to before me this 5th day of October, 1898. J. R. Champion, Justice of the Peace."

The statute (section 5092), requires the complaint to be made to any justice of the peace of the proper county, and that it "shall be made in writing, signed by the party aggrieved, his agent or attorney, and sworn to." We fail now to see wherein the above verification is deficient. The complaint appears to have been signed by the attorney of the plaintiff and to have been sworn to by the party subscribing to the paper. This fills the demand of the statute. But even if we concede the verification to be irregular or imperfect, the defendant can not now be heard to complain because he failed to make any such objection in the lower court. Wiltshire v. Triplett, 71 Mo. App. 332. While the case was in the lower court, the plaintiff, on objection made to the sufficiency of the affidavit, might have amended it. The defendant then will not be allowed to pass over the irregularity there and raise an objection for the first time in this court. Dean v. Trax, 67 Mo. App. 517.

III. The third and fourth assignments of error are also without merit. It was not error to permit the plaintiff to testify that the land in dispute was embraced in the deed he procured from other parties, for as was said in City of St. Louis v. Meyer, 13 Mo. App. loc. cit. 382, "what are the boundaries of land conveyed by a deed is a question of law; where the boundaries are is a question of fact." And as to the court's

action in refusing defendant's offer to read in evidence the
deed from John White to himself, there was no error, for the
evidence clearly shows that said deed had nothing to do with
the land in dispute. Defendant testified that he procured a
deed from White covering the land in controversy but was
unable to find it, and did not therefore have it present at the
trial.

IV. As to the propriety of the instructions given little
need be said. The court gave all that were asked by both
parties, and the only objection that can be reasonably made
thereto is that they were unnecessarily numerous and lengthy.
When however these instructions are all read together as one
charge, they fairly present the entire case.

V. If defendant desired to raise the point here that the
cause was improperly tried before a jury of six instead of
twelve men he should have made his objection in a motion in
arrest. Since then he failed so to do he can not now com-
plain. Even then, though the defendant was entitled to a jury
of twelve men, yet "if the trial proceeds with a less number,
and he takes no exception on that ground he can not after-
wards avail himself of the error except by motion in arrest of
judgment." Vaughn v. Scade, 30 Mo. 600.

VI. The judgment, however, as entered by the court
below, is not in proper form. It fails to set out or describe
the land, the possession of which is to be restored to plaintiff.
The judgment then on the merits will be affirmed, but the
cause will be remanded so that a proper judgment *nunc pro
tunc* may be entered. The costs of this appeal will be equally
divided between the parties. All concur.