Castleman v. Harris.

BEN T. CASTLEMAN, Appellant, v. HERBERT HARRIS et al., Respondents.

Kansas City Court of Appeals, December 17, 1900.

1. **Landlord and Tenant: LIEN FOR RENT: PURCHASER WITHOUT NOTICE.** A showing that the vendor lives on rented property without bringing notice to the vendee that the produce sold was grown on rented land will not warrant a finding of knowledge on the part of the purchaser.

2. ———: NOTICE OF TENANCY: ATTACHMENT: EVIDENCE. The transcript of a justice's docket, if evidence at all of an attachment, is insufficient unless it identifies the attached property, where there is no offer of the attachment writ and the officer's return thereon.

3. ———: JUSTICES' COURTS: ATTACHMENT: APPEAL: EVIDENCE. On the trial of a plea in attachment in a justice's court, if the finding be for the defendant, the plaintiff may appeal after judgment on the merits and an attempt to appeal before such judgment is ineffectual and leaves the case pending in the justice's court; and the action of the circuit court on such an abortive appeal is not evidence of attachment.

4. ———: LIEN FOR RENT: PENDENCY OF SUIT: NOTICE OF PURCHASER: ATTACHMENT. The mere fact that a suit for rent is pending before the justice of the peace will not of itself deprive a party without notice of his right to purchase property grown on the demised land unless such produce was attached and thereby charged with a liability to pay the judgment.

Appeal from the Cooper Circuit Court.—*Hon. T. B. Robinson,* Judge.

AFFIRMED.

*Ben T. Castleman* for appellant.

(1) A party objecting to the introduction of testimony must state the ground of his objection. Shelton v. Durham, 76 Mo. 434; Primm v. Raboteau, 56 Mo. 407; Baier v. Berberich, 85 Mo. 50. And he will not be permitted to change his ground on appeal. Dickey v. Malechi, 6 Mo. 177, 186; Tooley v. Bacon, 70 N. Y. 34; 1 Thompson on Trials, p. 560, sec. 693, and authorities cited. Garner v. State, 5 Lea. (Tenn.), 213, 218; 1 Thompson on Trials, p. 643, sec. 843; R. S. 1899, secs. 602, 2043; Dobson v. Winner, 26 Mo. App. 329; Benham v. Taylor, 66 Mo. App. 308. (2) It is uniformly held that a judgment creditor has a right of action against a vendee of property of all kinds charged with a lien. Yates v. Joyce, 2 Johns. 136; Barker v. Matthews, 1 Den. 335; Hovey v. Elliott, 118 N. Y. 139; Stout v. Keyes, 43 Am. Dec. 465, 467; Stout v. Keyes, 2 Doug. 184; Bradley v. McAllister, 113 U. S. 104, 113; Braun & Tower v. Bank, 127 N. Y. 515; Braun & Tower v. Bank, 25 N. Y. State, 286. (2) The court erred in refusing to allow to be read in evidence the certified transcript of the judgment of the justice of the peace before whom the suit by attachment was instituted. R. S. 1899, sec. 3137; Jeffries v. Wright, 51 Mo. 215; State to use v. Carroll, 9 Mo. App. 275; Workman v. Taylor, 24 Mo. App. 550; Linderman v. Edson, 25 Mo. 109; Sears v. Stone Co., 105 Mo. 240; Leonard v. Sparks, 117 Mo. 110; Freeman v. Thompson, 53 Mo. 183; Watson v. Dowling, 26 Cal. 125; Buller v. Woods, 43 Mo. App. 494; Johnson v. Walker (Neb.), 37 N. W. Rep. 639; Piper v. Boonville, 32 Mo. App. 138; Bigelow on Estoppel (5 Ed.), p. 115, sec. 3, chap. 3, and authorities cited; Orleans v. Platt, 99 U. S. 676; Daniels v. Henderson, 49 Cal. 243; Cravens v. Jameson, 59 Mo. 68; Carney v. Carney, 95 Mo. 353; Morrison v. Dent, 1 Mo. 246; Davis v. Cooper, 6 Mo. 148; Norcross v. Hudson, 32 Mo. 227; Crispen v. Hannavan,

50 Mo. 415; Groschke v. Bardenheimer, 15 Mo. App. 353; Koontz v. Kaufman, 31 Mo. App. 397; Young v. Byrd, 124 Mo. 590; Nave v. Adams, 107 Mo. 414; Cooley v. Warren, 53 Mo. 166; Barton v. Martin, 60 Mo. App. 351; Henry v. Woods, 77 Mo. 277; Stout v. Lye, 103 U. S. 66; Eyster v. Gaff, 91 U. S. 521; Adams v. Cowles, 95 Mo. 501, and authorities cited; Brown v. Woody, 64 Mo. 547; Sappington v. Lenz. 53 Mo. App. 44; State v. Schneider, 47 Mo. App. 669; Dunham v. Wilfong, 69 Mo. 355; Wise v. Loring, 54 Mo. App. 258; Depot Co. v. Frederick, 117 Mo. 138; Myers v. Miller, 55 Mo. App. 338; Webster v. Daniel, 47 Ark. 131; Alderson on Judicial Writs and Process, chap. 26, S. 140, p. 311; Allen v. Poole, 54 Miss. 333; Centre v. Bank, 22 Ala. 743; Marshall v. Shepard, 23 Kan. 326; Turner v. Babb, 60 Mo. 343.     (4) The court erred in refusing to allow the judgment on the plea in abatement rendered by the circuit court to be read in evidence.     2 Black on Judg., chap. 18, secs. 604, 605, pp. 721, 726, and authorities cited; 1 Wharton's Law of Evid. (3 Ed.), chap. 10, sec. 758, p. 741 et seq., with authorities cited; O'Reilly v. Nicholson, 45 Mo. 160; Sav. Inst. v. Collonious, 63 Mo. 290; Atkinson v. Dixon, 89 Mo. 464; Watson v. Dowling, 26 Cal. 125; Wammock v. Whitmore, 58 Mo. 448; Lehman v. Stone, 16 S. W. Rep. 784; Bennett on Lis Pendens, pp. 257 and 428; Bearden v. Miller, 54 Mo. App. 199; Schell v. Leland, 45 Mo. 289; Hamer v. Cook, 118 Mo. 476; Gates v. Tusten, 89 Mo. 13; McClanahan v. West 100 Mo. 309.     And jurisdiction is presumed.     Huxley v. Harrold, 62 Mo. 516; Adams v. Cowles, 95 Mo. 501; State to use v. Towl, 48 Mo. 148; Howland v. Railroad, 134 Mo. 474; Transportation Co. v. Sims, 28 Mo. App. 64; Bearden v. Miller, 54 Mo. App. 199.     (5) There was evidence tending to prove all the allegations in the first count of plaintiff's petition, and the court erred in not submitting the evidence

to the jury and leaving it to them to determine under proper instructions whether it entitled plaintiff to recover. Cook v. Railroad, 63 Mo. 397; St. Vrain v. Levee Co., 56 Mo. 590; Tutt v. Cloney, 62 Mo. 116; Holliday v. Jones, 59 Mo. 482, 484; Groll v. Tower, 85 Mo. 249; Moody v. Deutsch, 85 Mo. 237; Alexander v. Harrison, 38 Mo. 258, 266; Routsong v. Railroad, 45 Mo. 236; Hays v. Bell, 16 Mo. 496; Emerson v. Sturgeon, 18 Mo. 170; McFarland v. Bellows, 49 Mo. 311; Smith v. Hutchison, 83 Mo. 683; Bowen v. Lazalere, 44 Mo. 383; Williamson v. Fischer, 50 Mo. 198; Grady v. Ins. Co., 60 Mo. 116; Kelly v. Railroad, 70 Mo. 604, 608; Richey v. Burnes, 83 Mo. 362, 364; Woods v. Ins. Co., 50 Mo. 112; Baun v. Freyrear, 85 Mo. 151. (6) The pendency of a suit imparts notice to all the world of the claim of title in litigation. Buford v. Packet Co., 3 Mo. App. 159; affirmed, 69 Mo. 611. Notice is imputed conclusively to a *pendente lite* purchaser. Woodfolk v. Blount, 3 Hey. (Tenn.) 152; Sorrel v. Carpenter, 2 P. Wm. 482; Worsley v. Scarborough, 3 Atk. 392; Speck v. Riggin, 40 Mo. 405; Sensenderfer v. Kemp, 83 Mo. 581; Hill v. Tissier, 15 Mo. App. 299; Lee v. Turner, 15 Mo. App. 205; Major, Adm'r. of Lisle v. Bukley, 51 Mo. 227; Meier v. Blume, 80 Mo. 184. When a purchaser of farm products has knowledge of facts sufficient to put him upon inquiry, he is chargeable with notice. Toney v. Goodley, 57 Mo. App. 235; Dawson v. Coffey, 48 Mo. App. 109.

*W. G. & G. T. Pendleton* for respondent.

(1) Independent of the question of the necessity of a lien, the plaintiff still was not entitled to recover upon the first count of his statement, because of the absence of any evidence tending to show that defendants purchased the crop

with notice that it was grown on demised premises. (2) The plaintiff was not entitled to recover upon the second count of his statement for the reason that there was no evidence in the case of the levy of an attachment upon any property. The only legitimate evidence of such fact would have been the attachment writ with the officer's return thereon. This was not offered in evidence. Conner v. Pope, 18 Mo. App. 86. (3) Plaintiff was not entitled to recover upon the second count for the further reason that there was no evidence tending to identify the corn bought by defendants as being the same corn that was pretended to have been attached. (4) Before plaintiff could recover on the second count he must have shown the sustaining of the alleged attachment. All the evidence offered on this point were the justice's transcript and the judgment of the circuit court, and these did not tend to prove such fact. A plaintiff can not appeal from an adverse judgment on a plea in abatement until final judgment on the merits. Milling Co. v. Ramey, 57 Mo. App. 33; Crawford v. Armstrong, 58 Mo. App. 214; Houser v. Andersch, 61 Mo. App. 15. (5) The plaintiff was an improper party to sue defendants upon the second count. Only the officer can sue for the conversion of attached property. The attaching creditor's remedy is against the officer. 1 Shinn on Attach., sec. 261, p. 497; 3 Am. and Eng. Ency. of Law (2 Ed.), p. 218, note; 2 Am. and Eng. Ency. of Law (2 Ed.), p. 675, note 2; 2 Freeman on Ex. (2 Ed.), sec. 268.

ELLISON, J.—This action is to recover the value of some corn sold by plaintiff's sublessee to defendants. The trial court sustained a demurrer to the evidence and rendered judgment for defendants. The petition is in two counts. The first is under section 6384, Revised Statutes 1889, and

is based on the allegation that defendants purchased the corn from the subtenant with knowledge that it was grown on plaintiff's "demised premises."

The second count charges that plaintiff had pending a suit by attachment against his tenants for the rent due from them and that the corn in controversy was attached by the constable. That the cause finally proceeded to judgment sustaining the attachment and judgment on the merits. That defendants purchased the corn during the pendency of such action.

There was no evidence tending to show that defendants had notice of plaintiff's claim for rent when they purchased the corn. The evidence does not tend to show that defendants knew the corn was grown on plaintiff's land or on any rented land. We decided in Toney v. Goodley, 57 Mo. App. 235, that a landlord's lien could not be enforced against a purchaser without notice. And that knowledge of the fact that the vendor tenant was not a land owner and lived on rented property, without knowledge that the property sold was grown on rented property, was not sufficient upon which to base a finding of knowledge on the part of the purchaser within the terms of the case of Dawson v. Coffey, 48 Mo. App. 109. We therefore think the demurrer to the evidence on this count was properly sustained.

There was likewise a failure of evidence as to the second count. There was no sufficient evidence that there had been an attachment levied. There was no offer of the attachment writ with the officer's return. There was an offer of the justice's transcript of his docket, but if this could be considered evidence of the attachment, it does not identify the corn in dispute. The corn in question appears to have been grown on 20 acres of land while the levy mentioned in the

transcript was on 65 acres.     Whether this included the 20 acres does not appear.

Besides, it was not shown that the attachment was sustained.     The transcript from the justice and the circuit court record was offered to show this but was rejected.     The transscript discloses that the attachment was abated before the justice.     On appeal as appears from the circuit court record it was sustained.     But the appeal was taken before a judgment was rendered on the merits.     Indeed, it seems that by some means the circuit court not only sustained the attachment but proceeded to render judgment on the merits when that part of the case was yet with the justice and was never appealed from him.     These conditions perhaps arose from the fact that only the plaintiff appeared in the circuit court. The record offered in evidence thus discloses on its face that the attachment was not sustained, since that was the judgment of the justice and no valid appeal was taken therefrom. The law being that on a trial of the plea in abatement if the finding be for defendant, the plaintiff may appeal *after* a judgment had on the merits.     Milling Co. v. Ramey, 57 Mo. App. 33; Crawford v. Armstrong, 58 Mo. App. 214; Houser v. Andersch, 61 Mo. App. 15; R. S. 1899, sec. 407.

We have considered the point, urged at length by plaintiff, that the pendency of the suit before the justice was notice of the attachment and binds the defendants.     But whatever may be said of the merit of the point, there has not been sufficient foundation made for its application here.     For admitting there was evidence offered to establish that a suit was pending before a justice of the peace, there was nothing to show an attachment of the corn in question.     And besides this, as we have just shown, the record offered shows the attachment was abated.     And we hold that a mere suit for rent, without a charge upon property afterwards claimed to

be liable therefore, will not, of itself, deprive a party without notice from purchasing such property.

We have found nothing in the records or transcripts offered which tend to show notice to defendants of plaintiff's rights as a landlord.

The judgment must be affirmed.    All concur.