## STATE OF MISSOURI, Respondent, v. GLENN, Appellant.

### St. Louis Court of Appeals, March 17, 1908.

CRIMES: Forcible Entry and Detainer: Prima-Facie Case. In the prosecution of a defendant for taking and keeping possession of real estate by actual force and violence, contrary to the provisions of section 2151, Revised Statutes 1899, the evidence showed that a judgment had been rendered against the defendant for possession of the premises in question, and, while he was absent from home, his family was dispossessed by the constable under a writ of restitution and the doors of the house fastened up. Before the defendant returned, other members of his family opened the house and moved the defendant's goods and themselves back into it, without his knowledge. *Held*, the evidence was insufficient to support a verdict of guilty.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln*, Judge.

REVERSED.

*O. E. Gorman* and *O. T. Hamlin* for appellant.

*Roscoe Patterson* for respondent.

NORTONI, J.—The defendant was convicted in the criminal court of Greene county of the offense of forcible entry and detainer, and appeals, insisting that the court erred in refusing to peremptorily direct a verdict of acquittal. The evidence tended to prove that one Hogg owned a certain tract of land in Greene coun-

ty, about seven or eight miles distant from the city of Springfield. On these lands was situated a small log house, in which the defendant and his family had re- sided for several years, probably as tenant to Hogg, prior to the offense complained of. Hogg had recovered judgment in the court of a justice of the peace against the defendant for possession of the premises mentioned, and in the month of November, while the defendant was in the city of Springfield, a constable visited the scene, armed with a proper writ of eviction against him, and proceeded to and did, between the hours of twelve and one o'clock on that day, remove the defend- ant's family and his household goods out of the log resi- dence mentioned into the public road, about seventy- five yards distant therefrom. Having thus evicted the defendant, the constable closed and made fast the doors and windows by nailing them, and departed. During the afternoon of the same day and while the defendant was still absent, without his knowledge in any respect, his son of about eleven years of age and a neighboring youth by the name of Tansey, opened the doors and windows of the house and moved the household goods back into the same. Defendant's wife and children took up their abode there the same evening. The defendant, returning from Springfield about nine o'clock at night, found his family occupying the house as he had left them the morning before. At the conclusion of the evidence on the part of the State and again at the conclusion of all the evidence, the defendant requested the court to peremptorily direct the jury to acquit him. The re- quests were overruled and exceptions saved.

The statute is as follows:

"Any person who shall take or keep possession of any real property, by actual force or violence, without the authority of law, or who, being armed with a deadly or dangerous weapon, shall, by violence to any person in possession, or entitled to the possession, or by putting

him in fear of immediate danger to his person, obtain or keep the possession of any such real property, without the authority of law, shall, on conviction, be adjudged guilty of a misdemeanor." [Sec. 2151, R. S. 1899.]

The indictment in this case charges the offense first denounced by the statute supra; that is to say, it charges substantially that the defendant unlawfully took possession of the premises mentioned, owned by Hogg, "by then and there unlawfully and by actual force, breaking the outer doors and windows of said house," without authority of law so to do, etc. The court erred in refusing to direct a verdict of acquittal. It is certain there is not a syllable of evidence in the record before us tending to sustain the charge presented in the indictment. All of the proof in the case is to the effect not only that the defendant was in the city of Springfield at the time the two small boys reopened the house and placed the furniture therein, but that he had no knowledge whatever that such a proceeding was going on or that his family had been evicted therefrom by the constable until he returned home about nine o'clock that night. The fact that the two small boys opened the house and placed the furniture therein, is established not only by proof of defendant's family but by the neighbors as well, who witnessed the proceeding. In fact, every word of the testimony on the part of both the State and the defendant, indicates that the defendant had nothing whatever to do with the forcible entry and taking possession of the property mentioned. Although the defendant, upon coming home, may have become aware of the facts above indicated, the mere knowledge that members of his family had done a wrong, would not sustain a conviction against him on the charge in the indictment. There is no charge in the indictment, nor is there a word of proof tending to show that after defendant's son and the youth, Tansey, wrongfully re-

moved the fastenings and entered the house, the defendant kept possession by being armed with a deadly or dangerous weapon, indicating violence toward the party entitled to possession, or by putting him in fear of immediate danger, as would be essential to maintain a conviction under other provisions of the statute quoted. However that may be, the charge in the indictment is that he procured possession by force, etc., and this being true, the judgment of conviction must stand or fall upon that allegation. Whatever the members of his family may have done, there was positively no proof that defendant either exercised any force or counselled, advised, directed, aided or abetted the members of his family thereabout. There certainly can be no forcible entry under this provision of the statute without an element of force being present, in which the defendant participated in some manner. A mere trespass without force, or a show of force on the part of the defendant, is insufficient by all of the authorities. [State v. Richards, 15 Mo. App. 331; Kelley Crim. Law & Prac., sec. 915; 13 Amer. & Eng. Ency. Law (2 Ed.), 760-766.]

For the reasons given, the judgment will be reversed and the defendant discharged. *Bland, P. J.,* and *Goode, J.,* concur.